STATE versus HEWETT & al.

In an indictment for a conspiracy, if the means, by which the alleged pur-
pose was to be accomplished, be not set out, the purpose itself should ap-
pear to have been unequivocally illegal and forbidden by law.

It is not enough, that it sufficiently describe the crime attempted to be charg-
ed; it should also state the facts necessary to constitute the offence.

Where such facts are not stated, the indictment does not sufficiently charge
any offence at the common law.

To conspire to "injure the property" of an individual, is a crime against the
statute.

By the "injury to property" thus prohibited, is meant an injury to the pro-
perty in rem, by which it is destroyed, or its value diminished. A conspiracy
to deprive another of his property by cheating and defrauding, and thereby
to cause an injury, is not within the prohibition of the statute, although by
such fraud, the general amount of his estate would be diminished.

INDICTMENT charging, that the defendants "devising and in-
tending one Owen Lawrence to injure and defraud, did unlaw-
fully conspire, combine, confederate and agree together the said
Owen Lawrence to injure, cheat and defraud of a certain horse,
the property of the said Owen Lawrence, of the value of one
hundred dollars, against the peace and dignity of the State.

There was testimony tending to show conspiracies by the
defendants to obtain fraudulently from Lawrence two horses,
at successive periods. The county attorney was required to
elect, and did elect, for which one of the conspiracies the
prosecution should proceed. After verdict against the defend-
ants in the District Court, they filed a motion in arrest, upon
which that court ruled the indictment to be sufficient, and to
that ruling exceptions were filed.

May, for the defendants. The indictment is bad : —

1. It does not set forth any conspiracy to do an unlawful
act.

2. It does not set forth the means which were to be used
to accomplish the purpose.

3. It does not allege, that the means intended to be used
were unlawful. Lambert v. People, 9 Cowen, 578; People
v. Echferd, 7 Cowen, 535; Commonwealth v. Eastman, 1

Cush. 189; *Commonwealth* v. *Hunt,* 4 Metc. 111; *State* v. *Hewett,* decided in Maine ; not reported.

*Vose,* County Attorney, for the State.

This indictment is, in form, an exact transcript from Davis' Precedents, also from Chitty's Crim. Law. And concise as it is, it is sufficient and valid upon the following authorities : — 8 Mod. 321; 11 Mod. 55; 3 Burr. 1330 ; 1 Stra. 193; 1 Salk. 174; 8 Mod. 11; 2 Barn. and Ald. 204; *The Queen* v. *Kenrick,* 5 Ad. & Ellis, 49; *King* v. *Parsons,* 1 W. Black. 392 ; *Queen* v. *Parker,* 3 Ad. & Ellis, 292 ; *Queen* v. *King,* 7 Ad. & Ellis, 782 ; *King* v. *Aeiry,* 2 East, 30; 9 Cowen, 578; 3 Serg. & R. 220, *Regina* v. *Mackarty & al.* 2 Ld. Raym. 1179 ; 2 Burr. 1125 ; 3 Ld. Raym. 325 ; *Commonwealth* v. *Ward & al.* 1 Mass. 473.

This form of indictment, has been in common use in this country and in England for more than half a century. The gist of a conspiracy is to effect an unlawful or criminal object, or to effect a lawful object in an unlawful manner. Clearly the object here set forth, was an unlawful one. *Hunt's case,* 4 Metc. 111. The proposed innovation would show all former convictions to have been wrong.

The offence here is sufficiently described, to inform the defendants of what they are charged, and to enable them to make defence.

A verdict in this case, would be a bar to another prosecution for the same offence, for the government was called upon to elect, and did elect, what to rely upon and that has become a part of the record.

The case in 1 Cush. 189, is inapplicable, for the statute of Massachusetts does not, while that of Maine does, make it criminal to conspire for the injury of a person.

*Morrill,* in reply. — The gentleman says, the statute in Massachusetts, is not like ours. But the offence here charged is not a statute offence ; nor is it charged as such.

The case from Cushing shows, that the precedent in Davis' form is bad, and never had much use in Massachusetts. It has never had authority in Maine.

But if it had, the correction of the practice would not invalidate former convictions. Justice to new cases requires the correction.

HOWARD, J. — The indictment contains one count only, and sets forth that the defendants, "being evil disposed persons, and devising and intending one Owen Lawrence to injure and defraud, did unlawfully conspire, combine, confederate, and agree together the said Owen Lawrence to injure, cheat and defraud of a certain horse, the property of the said Owen Lawrence, of great value, to wit, of the value of one hundred dollars, against the peace and dignity of the State aforesaid." The sufficiency of this indictment is called in question, by a motion in arrest of judgment, which was overruled in the District Court, and is now prosecuted on exceptions.

An indictment has been defined to be a plain, brief, and certain narrative of an offence. 2 Hale P. C. 169. And it is a general rule of criminal law, that every indictment must contain a certain description of the crime of which the defendant is accused, and a statement of the necessary facts by which it is constituted. 1 Chitty's Crim. Law, 169. This is essential, and is required for the safety and protection of the defendant, and for the information, and correct action of the court, who are to apply the judgment, and the punishment, prescribed by law.

To constitute an indictable conspiracy at common law, there must have been an unlawful confederacy of two or more persons, to accomplish either an unlawful or criminal purpose, or a purpose not unlawful, by criminal or unlawful means. This indictment assumes to charge a conspiracy to accomplish an unlawful purpose, and falls within the first class of conspiracies mentioned, if it is embraced in either class. The purpose only is stated, but the means by which it was to be effected, are not set forth. The inquiry, then, is whether the purpose, as charged in the indictment, was criminal, or unlawful, at common law, or by statute. Cheating and defrauding

State *v.* Hewett.

a person of property, though never right, was not necessarily an offence at common law. The transaction might be dishonest and immoral, and still not be unlawful, in the sense in which that term is used in criminal law. Cheating by false pretences, or by false tokens, is an offence at common law, as well as by statute. R. S. ch. 161, § 1. But the case at bar does not fall within that description of offences. There is nothing alleged in the indictment, by which we can determine whether the acts charged constituted any thing more than a private wrong, for which a civil action may lie for damages. In one sense all wrongs are unlawful; they are not approved or justified by law, and if injuries result from them, the law may furnish ample remedies; but to hold that they are therefore offences, unless made such by positive law, would not be consistent with an enlightened system of jurisprudence.

As the means, by which the purpose alleged in this indictment was to be accomplished, are not set forth, the purpose itself should appear to have been unequivocally illegal, and forbidden by law, or the indictment cannot be sustained. It is not enough that it contain a sufficient description of the crime attempted to be charged, but it should also contain a statement of the facts necessary to constitute the offence. The proof of such facts, when not properly averred, cannot aid the indictment, after the verdict. The indictment, therefore, does not charge an offence at common law. East, P. C. ch. 18, § 1, 2; Hawk. B. 1, ch. 71; 2 Russell on Crimes, B. 4, ch. 31, § 1; B. 5, ch. 2, p. 564; *The King* v. *Turner,* 13 East, 228; *The King* v. *Pywell,* 1 Stark. R. 402. In *Lambert* v. *The People,* 9 Cow. 578, this subject was elaborately discussed in the Court of Errors, and the authorities examined with much learning. Subsequently, the same questions were investigated by the Supreme Court of Massachusetts, with great ability and research, in *Commonwealth* v. *Hunt & als.* 4 Metc. 111; and in *Commonwealth* v. *Eastman & als.* 1 Cushing, 189. In each of these cases indictments similar to the present, on the points introduced in this case, were held to be insufficient.

This indictment does not conclude *contra formane statuti* but it may be sustained, " provided such omission do not tend to the prejudice of the defendant." R. S. c. 172, § 38. It is sufficient if it charge a statute offence. Does it charge such offence ? The R. S. c. 161, § 11, provide that, if two or more persons shall conspire, confederate and agree together with the fraudulent or malicious intent wrongfully and wickedly to injure the person, character, business or property of another individual, or to do an illegal act, injurious to the public trade, health, morals or police, or to the administration of public justice, or to commit any felony, or crime punishable by imprisonment in the state prison, they shall be deemed guilty of conspiracy." The indictment does not charge a conspiracy with the intent to injure the person, character, business, or property of another, but substantially alleges it to have been with the intent to deprive another of his property, by cheating and defrauding, and thereby to cause an injury. Such injury might tend to lessen the general property of another ; and so would an agreement to purchase for less than the value ; or to obtain property without paying for it, where no false pretences were used ; and yet, such transactions do not constitute crimes, and are not within the prohibition of the statute. The injury to the property of another contemplated by the statute, must be to the property *in rem*, as distinct from an injury to business, or a detriment, causing a diminution of the general amount of property. Such has been the construction of the R. S. c. 25, § 89, in suits for damages, occasioned by defects in highways.

The result of our deliberations is, that this indictment, regarding only what may be considered as substance, and material, does not charge a conspiracy punishable by the common law, or by statute.

This decision renders the consideration of other points raised, and discussed, unnecessary.

*The exceptions are sustained,*

*and the judgment must be arrested.*