Hon. JOHN S. TENNEY, LL. D. ⎫ Associate
Hon. SAMUEL WELLS,            ⎬
Hon. JOSEPH HOWARD.           ⎭ Justices.

WEEKS *versus* INHABITANTS OF THE TOWN OF SHIRLEY.

By "damage in one's property," through a defect in a highway, within the meaning of the R. S. chap. 25, sect. 89, is intended some injury to an article, by which its value is destroyed or diminished.

A mere loss of one's time, or an addition to his expenses, is not within the statute.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

CASE, for injury alleged to have been sustained through a defect in the highway.

The proof was, that the plaintiff attempted to haul hay through the town, with eight oxen and two hired men. The

road was much blocked with snow, which the defendants had neglected to remove.

The teams were unable, on that account, to proceed, and the plaintiff was obliged to leave his hay on the road, and to return with his teams, he and they having been detained one night at a public house, and having lost a couple of days' time.

The Judge directed a nonsuit, and the plaintiff excepted.

*Sanborn,* for the plaintiff.

The statute, chap. 25, sect. 89, gives a right of recovery to any person who may have suffered " any damage in his property," &c.

The plaintiff has suffered damage in his property. Damage means "actual loss." This is Webster's first definition of the word.

He has borne expenses, lost his own time, with that of his hired men and teams. For these expenses and losses, the statute gives him a remedy.

*Blake,* for the defendants, cited 9 Mass. 248; 20 Maine, 246; 19 Pick. 147; 13 Metc. 297.

PER CURIAM. — Upon the legal question presented, it is the opinion of the Court, that the action is not maintainable, and that the nonsuit was rightfully ordered.

*Exceptions overruled.*

NOTE. — See *State* v. *Hewett,* 31 Maine, 396, and particularly the last part of page 400.