THE CHICAGO, ST. PAUL AND FOND DU LAC RAILROAD COMPANY, Plaintiff in Error, *v.* OWEN McCARTHY, Defendant in Error.

ERROR TO McHENRY.

Contractors for constructing a railroad are the servants of the company authorized to construct it, and the tortious acts of the contractors, while about the business of the company, are properly chargeable to it.

THIS was an action of case, commenced by defendant in error against plaintiff in error, in McHenry Circuit Court.

The following declaration was filed:

For that whereas the said defendants, on the first day of August, 1856, under and by virtue of their act of incorporation, claimed to have the right to enter upon the close and farm of said plaintiff, situate in the town of Hartland, in the county of McHenry aforesaid, and construct and build their railroad track over and across the said close and farm of the said plaintiff as

aforesaid; and the plaintiff avers that the said defendants, on the day and year last aforesaid, at the county aforesaid, did enter upon the close and farm of him, the said plaintiff, and commence the construction of their said railroad track, over and across the same, and continued so to construct the same from the day last aforesaid until the day of the commencement of this suit; and the plaintiff avers that it was the duty of the said defendants, and by law the said defendants, during all the time they were so constructing the said railroad track over and across the close and land of the said plaintiff, to keep up the fences, and to put up the fences taken down by them, while so engaged in the construction of said track, and to put in and maintain cattle guards, and use and take all necessary trouble and precaution to prevent cattle, horses and other animals from escaping upon and entering upon said close and lands of said plaintiff; nevertheless the said plaintiff avers that the said defendants, not regarding their duty and obligations in this behalf, did not keep up the fences and put up the fences by them taken down during the construction of their said track as aforesaid, nor did they put in and maintain cattle guards, and use and take all necessary trouble and precaution to prevent cattle, horses and other animals from escaping upon, and entering upon the close and lands as aforesaid of said plaintiff; and the plaintiff further, in fact, saith, that the said defendants, during all the time they were so constructing their said railroad track as aforesaid, took down and removed the fences belonging to said close and lands of the plaintiff, and negligently suffered the same to remain down, by reason of which premises, and the negligence of the said defendants in this behalf, the cattle, horses and other animals running at large in the highway and common lands of said town of Hartland were allowed to and did escape therefrom into and upon the close and lands of the said plaintiff, situate in the said town of Hartland, in the county of McHenry, and then and there destroy, eat up, trampled upon and subverted the grass, grain, corn, wheat and herbage then and there growing and standing upon said close and land of said plaintiff, to wit, at the county of McHenry aforesaid, whereby, etc.

The cause was tried before the court and jury, at the March term of said court, 1857, I. G. WILSON, Judge, presiding.

The bill of exceptions shows that it was proven, on the part of the plaintiff, that the contractors engaged in the construction of defendant's railroad entered upon the inclosed parts of plaintiff's farm, where the line of said road was located, for the purpose of constructing said road during the month of August, 1856; that they took the fences down at the points where the

line entered said inclosure, and left them down during most of the time they were doing said work, or, if they put them up, it was done in a very negligent and careless manner; that the fences around said inclosure were also thrown and taken down at other points by men engaged in said work, and that, in consequence of the said taking down of said fences, the crops growing within said inclosure were damaged by cattle entering said inclosure from the highways and common lands adjoining plaintiff's farm.

The value of the crops thus injured was variously estimated by plaintiff's witnesses at from three to four hundred dollars. It was also proved, on the part of plaintiff, that during the latter part of the time, the company was running a construction train over its road, and that hogs went into the field over the cattle guards.

On the part of the defendant, it was proved that the work of constructing the entire length of said road, from Chicago to Janesville, was let to Page & Co., contractors, and that said damage was occasioned by the carelessness and negligence of the men in the employ of Page & Co., who were engaged in constructing the road for the company.

It was also proved, on the part of plaintiff, that no cattle guards were constructed at the points where said line entered said inclosure, and that said cattle also entered for want of said cattle guards.

This was all the evidence in the case. The court, at request of plaintiff, instructed the jury as follows:

1st. If the jury believe, from the evidence, that during the time alleged in the plaintiff's declaration, the defendants were engaged in constructing the Chicago, St. Paul and Fond du Lac Railroad over and across the close and farm of said plaintiff, and that during that time they took down and left down the fences around said close and farm, and negligently and carelessly suffered them to remain down, and that through their negligence and carelessness in so doing, they suffered hogs, cattle and other animals to escape from the common lands and highways into and upon the lands and close mentioned in the plaintiff's declaration, and destroy the crops, to wit, corn, wheat, oats and potatoes, then growing, belonging to the plaintiff, then the law is for the plaintiff, and he is entitled to recover whatever damages he has proved he sustained in consequence of such acts of the defendant, not exceeding the amount claimed.

2nd. That if the jury believe, from the evidence, that during the time alleged in the plaintiff's declaration, the defendants were constructing and running their railroad over and across the lands of the plaintiff mentioned in the declaration, and that during that time, they negligently and carelessly omitted to put

in and maintain sufficient and necessary cattle guards, whereby cattle and hogs were suffered to escape over and through such cattle guards into and upon the close and lands of plaintiff, and destroy the crops then growing, then the law is for the plaintiff, and he is entitled to recover whatever the jury believe the damage is proved to be in consequence of such negligence of the defendants, not exceeding the amount claimed.

On the part of the defendant, the following instruction was asked, and refused by the court:

If the jury believe that Page and others were the contractors for the construction of the railroad over the lands of the plaintiff, and that the damages complained of in this case resulted from the negligence of said Page & Co., and that the railroad company had no knowledge of such acts of negligence, then the law is for the defendant.

The jury found a verdict for plaintiff, and assessed his damages at $365.

Defendant moved for a new trial, and in arrest of judgment.

The said motions were overruled by the court, and judgment given for the plaintiff on the verdict.

BREESE, J. The evidence discloses a case of great negligence on the part of the contractors of this company, on whom the responsibility is attempted to be shifted.

To railroad companies are granted extraordinary privileges, and they must be held so to exercise them as to do the least possible amount of injury to others. The maxim, " *sic utere tuo ut alienum non lædas*," well applies.

The contractors are the servants of the company, and authorized by law, being such servants, to enter upon the defendant's land and take down his fences, if necessary ; but the company must be responsible, for the consequences of the act. The contractors have no right there, except through the grant to the company, and of course are the servants and agents of the company in doing that particular work. Their tortious acts are properly chargeable to the company. The instructions given on behalf of plaintiff below were proper.

We see no difference in principle between this case and *Hinde et al.* v. *Wabash Nav. Co.*, 15 Ill. 72, and accordingly affirm the judgment.

*Judgment affirmed.*