## GRIFFIN *v.* SANBORNTON.

The injury occasioned to an individual by being deprived of the use of a highway, in consequence of its being totally blocked up with snow, is not special damage within the meaning of the statute; and no action therefor can be maintained against the town.

CASE, for special damages caused by defects in a highway in Sanbornton. The declaration alleged that the highway was impassable from January 1, 1861, to February 10 of the same year, by reason of being filled and incumbered with great drifts of snow, whereby the plaintiff was greatly injured in his business, and damaged in

his attempts to drive an ox-team over the road, and prevented from fulfilling his engagements with divers persons at Sanbornton Bridge to draw and supply them with fire-wood.

At the trial upon the general issue the plaintiff offered to prove that said road, during all that period, was totally blocked up with snow-drifts, and impassable, and that he was then living in Sanbornton at one end of it, and had occasion to use it for hauling wood to divers persons at Sanbornton Bridge, whom he had agreed to supply, but was unable to do so by reason of great obstructions; and also had during all that time occasion to use the road to go to the post-office and other places of business at said Sanbornton Bridge; but was unable to do so for the reason aforesaid; and that he sustained large damages in consequence of being so deprived of the use of said way, and his inability to perform his engagements as aforesaid.

To the sufficiency of this evidence to maintain the action the defendants excepted, and thereupon it was agreed to submit the question of its sufficiency to the court, with the provision, that if found insufficient a nonsuit shall be entered, and if sustained the case shall be discharged and the action tried by the jury.

*Lyford*, and *Blair*, for the plaintiff.

1. The evidence offered is sufficient to maintain the plaintiff's action. If this action can not be sustained the plaintiff is without remedy. An indictment affords no remedy for the damage sustained by the plaintiff. *Farnum* v. *Concord*, 2 N. H. 392.

2. The plaintiff could not prudently or safely have driven his oxen or his horse into the drifted snow when he saw the danger. He was not authorized to do so at the expense of the town. *Farnum* v. *Concord*, 2 N. H. 392.

3. The town were bound by statute to break the road, and keep it in condition to be used. Comp. Stat. 150, secs. 1, 7.

4. It was not necessary to the maintenance of this action that the plaintiff should have broken his sled, killed or wounded his oxen or his horse, or sustained any bodily injury himself.

*I. A. Eastman*, for the defendants.

1. This action can not be maintained at common law. *Farnum* v. *Concord*, 2 N. H, 392; *Brady* v. *Lowell*, 3 Cush. 124; *Mower* v. *Leicester*, 9 Mass. 250; *Riddle* v. *Locks & Canals*, 7 Mass. 164; *Eastman* v. *Meredith*, 36 N. H. 298, 299; 2 Kent Com. 274; Angell & Ames on Corp., sec. 629; *Harwood* v. *Lowell*, 4 Cush. 312; *Hixon* v. *Lowell*, 13 Gray 64. The case of *Wheeler* v. *Troy*, 20 N. H. 77, is probably misreported, and is not law. *Eastman* v. *Meredith*, 36 N. H. 299, 300.

2. The injuries stated to have been received by the plaintiff are not those for which an action will lie upon the statute. The damages recoverable are those which are sustained in using the road; such as are direct and not consequential; those which arise from being unable to use the road, being common to the public generally, are properly redressed only by a public prosecution. Coke Litt. 56, a;

*Paine* v. *Patrick,* Carth. 194; Bul. N. P. ·26; *Holmes* v. *Townsend,* 13 Met. 297; *Brailey* v. *Southborough,* 6 Cush. 141; *Weeks* v. *Shirley,* 33 Me. 271; *Baxter* v. *Winooski Turnpike Co.,* 22 Vt. 114; *Hull* v. *Richmond,* 2 Wood. & Minot 337; *Ball* v. *Winchester,* 32 N. H. 435, 444; *Tisdale* v. *Norton,* 8 Met. 392; *Harwood* v. *Lowell,* 4 Cush. 313.

BELLOWS, J.   The evidence offered goes to show a total obstruction of the highway, in consequence of which the plaintiff was wholly unable to use it, as he had occasion to do, for hauling wood to market, and for other purposes, by reason of which he lost the sale of such wood, and was unable to perform his engagements. But it does not appear that he actually attempted so to use the road, or that, while passing over it, he was injured.

Upon this state of the evidence we do not think the action can be maintained, because it is not a case of special damage under our statute ; and unless it is, no action can be maintained against the town.   *Farnum* v. *Concord,* 2 N. H. 392; *Eastman* v. *Meredith,* 36 N. H. 284.   In *Ball* v. *Winchester,* 32 N. H. 435, 444, it is laid down, that the damages for which a private person may maintain a suit against a town, are limited to such as happen in the use of the highway, as such, and which are the direct, and not consequential, results of the defect complained of, and also limited to injuries caused to the person, team, or carriage of the traveler.

The case of *Farnum* v. *Concord,* relied upon by the plaintiff's counsel, also holds that the town is liable only for injuries directly caused by the defect ; and puts the case of a traveler, who, on finding a bridge impassable, loses his horse in an attempt to ford the stream.   In such a case it is said the town would not be liable, because the damage was not caused directly from the defect in the bridge, but from danger in fording the stream.   It is true, it is said, that if the traveler, on approaching such a bridge, found it impassable, he might decline to pass it ; and if he sustained any special damage by reason of being unable to pass it, he might well maintain an action against the town ; but what would constitute such special damages is not distinctly stated, although, as we have seen, it would not include those resulting from consequential injuries. That the court could not have meant such damages as are shown in the case now before us, appears by its recognition of the doctrine of *Paine* v. *Patrick,* Carth. 191, where it was held that a suit could not be maintained by a private person for not keeping a ferry boat, whereby he lost his passage.

The doctrine of *Ball* v. *Winchester* is fully sustained by numerous American cases, under statutes similar to our own.   *Holman* v. *Townsend,* 13 Met. 297; *Tisdale* v. *Norton,* 8 Met. 388; *Harwood* v. *City of Lowell,* 4 Cush. 310; *Brailey* v *Southborough,* 6 Cush. 141. In these cases it is distinctly held that to make the town liable for injuries to an individual, the defect in the highway must be the direct and proximate cause ; and that the recovery will be limited to injuries to the person, teams, carriages, or other goods or chattels of the plaintiff, and that no action can be maintained for damages

occasioned by not being able to use a highway; inasmuch as that is common to all, and is properly the subject of a public prosecution. The same doctrine is held in *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114; *Weeks* v. *Shirley*, 33 Me. 271; *State* v. *Hewitt*, 31 Me. 396, 400.

The general doctrine in England is, that a suit by an individual will not lie for a common nuisance in a highway, unless he has sustained a particular damage; because, it is said, if one man might sue, every one might do the same; whereas a suitable remedy by presentment is provided for such cases; and the principle applies equally to the case of a nuisance caused by an individual as by a town or parish. *Williams' Case*, 5 Co. 72, and notes; Co. L. 56, a; *Winchester* v. *Lethbridge*, Willes 71, cases cited, and note; *Fineux* v. *Harraden*, Cro. Eliz. 664; which was an action on the case for digging a ditch across a way, whereby the plaintiff lost his passage; and it was held that the action would not lie. In *Paine* v. *Partrich*, Carth. 191, it is said by *Holt*, C. J., that "if a highway is so stopped that a man is delayed in his journey a little while, and by reason thereof is damnified, or some important affair neglected, this is not such a special damage for which an action on the case will lie." So it was held in *Hubert* v. *Graves*, 1 Esp. 148, where the way was so totally obstructed that the plaintiff was wholly deprived of the use of it, and obliged to carry his coals, timber, &c., by a circuitous and inconvenient way. So is Com. Dig., Action upon the Case for a Nuisance, C, where it is laid down that if a man dig a ditch in a highway, whereby A can not use it, an action does not lie; and so if, by stopping the highway, a man is constrained to use a longer and more difficult way; or the sale of his coals in an adjacent colliery is hindered.

The same general principle is recognized in *Rose* v. *Miles*, 4 M. & S. 101; but it was held that when the defendant had moored a boat across a navigable creek, and compelled the plaintiff, when he reached the place with his own loaded barge, to unlade it and transport the goods by land, an action would lie; Lord *Ellenborough*, C. J., saying that the plaintiff was in the occupation of the navigation, had commenced his course upon it, and was in the act of using it when obstructed; that it did not rest merely in contemplation, but went one step farther. See, also, *Stetson* v. *Faxon*, 19 Pick. 147, and cases reviewed.

It will be perceived that in most of the English cases the suits were against private individuals, whose liability did not depend upon statute; whereas towns, with us, are liable for injuries caused by defects in highways, only by statute, and the extent of that liability must depend upon the construction given to that statute; and being of the opinion that it does not provide for such a case as the present,

*The plaintiff must be nonsuit.*