WILLIAMS BROTHERS *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

A statute being in force providing that "all highways . . . . lying and being within the bounds of any town, shall be kept in repair and amended, from time to time, so that the same may be safe and convenient for travellers with their teams, carts, and carriages, at all seasons of the year, at the proper charge and expense of such town, under the care and direction of the surveyor of highways for such town." . . . . "Such town shall also be liable to all persons who may in any wise suffer injury to their persons or property by reason of any such neglect; to be recovered in an action of the case, to be brought against the town or towns which are bound to keep said road or bridges in repair as aforesaid." —— The city of Providence, under authority given it by the legislature of the state, built by contract a sewer in Washington Street, a highway in said city. The street was obstructed and rendered impassable during and by the construction of this sewer. W., a grocer doing business on the obstructed part of the street, sued the city for loss of profits and increased expense and trouble in the conduct of his business caused by the obstructions in the highway, claiming that the work of construction had been unduly and unnecessarily prolonged. At the trial the court instructed the jury that if the work was done with reasonable care and diligence, taking no more time than was necessary, the plaintiffs, though seriously injured, could not recover at all; but that, if there was unreasonable delay in doing the work, and, during this delay, access to the plaintiffs' store was cut off or obstructed, in the manner described, there was an injury to the plaintiffs for which they could recover damages; but only for the prolongation of the obstruction beyond what was reasonably necessary: —

*Held*, that there was no error in the instruction.

*Held*, further, that the injury complained of was not one common to the plaintiff and the rest of the public.

*Held*, further, that the act of the legislature, authorizing the construction of the sewer, implicitly remitted the duty of keeping the highway where the sewer was building " safe and convenient," but that this implied remission was only for such time as was reasonably necessary for the work.

*Held*, further, that the city, by à contract for its own benefit, could relax the obligation of a duty imposed on it by statute for the public benefit.

DEFENDANT'S petition for a new trial. The facts are stated in the opinion of the court.

*Nicholas Van Slyck*, City Solicitor, in support of the petition.

This is an action brought to recover damages against the defendant corporation by reason of the obstruction of Washington Street, a public highway in the city of Providence, and the declaration is founded upon Gen. Stat. R. I. cap. 60, § 1.

There was proof, and the fact too was admitted at the trial, that the obstruction was caused by the street having been lawfully taken possession of for the building of a sewer, and that the injury resulted from *delay* or the *slowness* of the work, in building said sewer.

I. The defendant, being in the lawful possession of the street for the purpose of building or constructing the sewer, no liability rests upon the defendant under the statute, but if injury arose by reason of unreasonable delay or other negligence upon the part of those building the sewer, the declaration should have been framed in accordance with such facts, — resting the claim for damages upon common law liability.

II. It also appeared on the trial that by reason of the building of the sewer the whole of Washington Street, from Union Street to Mathewson Street, was impassable to teams, and plaintiffs' store being on Washington Street, between said streets, teams could not get in *front* of his place of business, and that this was also true of the other stores and places of business on said Washington Street.

*a.* The creation of a public nuisance by an obstruction in a highway can only be suppressed by a public prosecution, and a private action cannot be maintained except plaintiff suffers a peculiar and special damage. *Smith* v. *Boston*, 7 Cush. 255 ; *Wood* v. *Nashua & Lowell R. R.* 2 Gray, 137 ; *Harvard College*

v. *Stearns*, 15 Gray, 1; *Willard* v. *City of Cambridge*, 3 Allen, 574; *Hartshorn* v. *South Reading*, 3 Allen, 504.

*b.* The plaintiffs suffered no peculiar or special damage. Their damage was of the same kind, differing only in degree, with the community.

III. The court erred in refusing to charge: "That if the jury find that the contractor or contractors have control of the hiring of the men employed upon the building of the sewer, and that the delay in its building was occasioned by the negligence of the contractor or his employees, that then the city is not liable;" and in charging the converse thereto.

And also in refusing to charge: "That if the jury find that the contract with Swithin was made with due care and in the exercise of ordinary care and prudence in making the same, and the city was reasonably diligent in taking the work out of the hands of said Swithin, that the defendant is not liable for any delay in the work up to such taking of possession." *Pack* v. *Mayor, &c. of New York*, 8 N. Y. 222; *Kelly* v. *Mayor, &c. of New York*, 11 N. Y. 432; *Painter* v. *Mayor, &c. of Pittsburg*, 46 Pa. St. 213; *Barry* v. *St. Louis*, 17 Mo. 121; Hilliard on Torts, § 453; Pierce on Railroad Law, 235; *Scammon* v. *Chicago*, 21 Ill. 424; *McCafferty* v. *Spuyten Duyvil & Fort Morris R. R.* 61 N. Y. 178; Wharton on Negligence, §§ 181 and 193.

*Dexter B. Potter, contra.*

I. A corporation can do no act except by agents and servants, and there is no dividing line between one agent and servant and another, as to the question of agency or of responsibility for their negligence. The hiring of a "contractor" is in principle not different from any other hiring, except in the mode of fixing the compensation to be paid and received. By the contract the defendant could at any time take the work out of the contractor's hands for breach of conditions. There is no *vis major* that the defendant can plead. The jury found for the plaintiffs in this case upon the facts, and the defendant is liable in law. The work that was to be done in this case was ministerial, and the defendant is charged with the double duty of keeping the street "safe and convenient," and building the sewer properly and within a reasonable time. *Childs* v. *City of Boston*, 4 Allen, 41; *Lloyd* v. *The Mayor, &c. of N. Y.* 5 N. Y. 369; *The Rochester White Lead*

*Co.* v. *The City of Rochester*, 3 N. Y. 463; *The Mayor, &c. of N. Y.* v. *Furze*, 3 Hill N. Y. 612; *Brooks* v. *Somerville*, 106 Mass. 271; Dillon on Municipal Corporations, vol. 2, §§ 772–778; *City of Philadelphia* v. *Wistar*, 35 Pa. St. 427.

II. The defendant is liable notwithstanding the degree of care taken in making the contract. *Barron & Craig* v. *The Mayor & City Council of Baltimore*, 2 Am. Jurist, 203; *Lloyd* v. *The Mayor, &c. of N. Y.* 5 N. Y. 369.

III. The plaintiffs' injury was a special injury or damage, however carefully the work might have been done, but in this case the jury found it was negligently done. *Stetson* v. *Faxon*, 19 Pick. 147.

There have been a few cases in which the doctrine *respondeat superior* has been held not to apply in the case of a contractor; but none in which the employer continued to exercise any control over the work while in progress, or where the law casts upon the employer a duty to the public at large, such for example as the duty of not exposing them to danger from a nuisance incident to the execution of the work; but there is a turn in the tide of authorities even where the injury arises by the neglect of a merely private duty. *Bush* v. *Steinman*, 1 B. & P. 404; *Pickard* v. *Smith*, 10 C. B. N. S. 470; *Bower* v. *Peate*, L. R. 1 Q. B. D. 321.

IV. The defendant corporation was bound by statute to keep the highway safe and convenient for travellers; and where a statutory obligation is imposed on a person he is liable for any injury that arises to others in consequence of its having been negligently performed, and this whether it were performed by himself or by a contractor employed by him. Revised Statutes, cap. 60, § 1; *Gray* v. *Pullen*, 5 B. & S. 970; *Hole* v. *The Sittingbourne & Sheerness Railway Company*, 6 H. & N. 488.

*February* 24, 1877. DURFEE, C. J. The first count in the declaration alleges that the city of Providence "wrongfully neglected and refused to keep, and to keep in repair, a certain public highway in said city, commonly called and known as 'Washington Street,' so that the same was safe and convenient for travellers, their teams, carts, carriages, and on foot, as by law it was bound to do; but, on the contrary, suffered and permitted said highway to be and remain out of repair, and unsafe and incon-

venient for travellers, with their teams and carriages, and for foot-passengers: to wit, said city made, and suffered to be made, deep cuts and excavations in, and along, said highway, and threw, and suffered to be thrown, upon said highway, and the sidewalks to said highway, and in front of the place of business of the plaintiffs, large quantities of dirt, stone, and gravel, and suffered and permitted the same to be and remain in said highway, and upon the sidewalks, for a long space of time, to wit, from October 1, 1872, to May 12, 1873, by means whereof the said plaintiffs, while travelling on and using the said highway, and while carrying on their usual and ordinary business, viz., that of keeping a grocery store, were greatly injured and damnified thereby, and thereby lost their usual trade, and the profit that would otherwise have accrued unto them, by carrying on their business, as aforesaid, and were also thereby put to great trouble and expense in moving merchandise, and in delivering goods, and were also put to great trouble and expense in extra labor," &c. The second and only other count is similar to the first.

The testimony produced at the trial in support of the declaration showed that, in 1872–1873, the plaintiffs kept a grocery on Washington Street, and that in October, 1872, the street was excavated for a sewer, and the dirt thrown from the excavation upon the sides of the street, and over the sidewalk in front of the plaintiffs' store, and for considerable distances above and below their store, thus rendering the street impassable for teams, and inconvenient for pedestrians, and putting the plaintiffs to additional trouble and expense in receiving and delivering goods, and deterring, for a while, a portion of their habitual customers from resorting to the store for trade. The plaintiffs also submitted testimony to show that, after the street was put in this condition, it was suffered to remain so for two or three weeks, while little or nothing was doing towards the construction of the sewer; that then the work was resumed, and went on for about fifty days before it was completed, but that the dirt and stones were not entirely cleaned away until some time in April, 1873. They claim indemnity for their loss of trade, and for the increase of expense and trouble, incurred by them during the unnecessary prolongation of the work. For the city, testimony was introduced to show that the sewer, though constructed under the

authority given to the city, was not constructed by, but for the city, under contract with it, and that the contractors, not the city, had control of the men employed on the work, the city having power only to supervise the work, and to take it from the contractor and complete it itself, in case the contractor should fail to fulfil the terms of the contract, first giving the contractor three days' notice in writing of its intention to do so. Testimony was also introduced to show that the city took pains to ascertain that the contractor was a proper person to contract with for the work, and that, after it learned that the work was not progressing with reasonable dispatch, it gave the contractor the three days' notice, stipulated for in the contract, and thereupon put the sewer into the hands of another contractor, who pushed it forward to completion with proper expedition.

It was contended, on the part of the city, that if the city had used reasonable care and diligence in making the contract, and in taking the work out of the hands of the contractor when he failed to perform it with due dispatch, the city was not liable to the plaintiffs in this action for any delay or negligence on the part of the contractor or his employees. It was also contended that the injury sustained by the plaintiffs was an injury which they sustained in common with the rest of the public, and was not so special and peculiar in its character that it would entitle them to maintain their action against the city. These points were presented in various requests for instruction, which, however, we do not deem it necessary more particularly to recite. The court instructed the jury that if the work was done with reasonable care and diligence, taking no more time than was necessary, the plaintiffs, though seriously injured, could not recover at all; but that, if there was unreasonable delay in doing the work, and, during this delay, access to the plaintiffs' store was cut off or obstructed, in the manner described, it was an injury to the plaintiffs for which the plaintiffs would be entitled to recover: recovering damages, however, only for the prolongation of the obstruction beyond what was reasonably necessary. The jury found a verdict for the plaintiffs for two hundred dollars. The case is now before us, upon the defendant's petition for a new trial, for alleged errors in the instructions to the jury.

Two questions are raised by the petition: *First*, was the in-

jury resulting to the plaintiffs from the obstruction so special and peculiar that an action on the case will lie in their favor for the damage ? *Second*, if so, will the action lie against the city of Providence, notwithstanding the contract under which the work creating the obstruction was done ?

1. We do not think the injury was one which the plaintiffs suffered in common with the rest of the public. It was peculiar to themselves. The public generally suffered no such loss of trade, and was put to no such trouble and expense in receiving and delivering goods, as the plaintiffs suffered and incurred in consequence of the obstruction in front of their place of business. *Wilkes* v. *Hungerford Market Co.* 2 Bing. N. C. 281, is a leading case upon this subject. There the plaintiff, a bookseller, having his shop on a public thoroughfare, suffered a loss of trade or custom, in consequence of an unauthorized obstruction across it. The court decided that the injury was peculiar to the plaintiff, and that he was therefore entitled to recover. See also *Stetson* v. *Faxon*, 19 Pick. 147, where the cases upon this point, occurring previous to 1837, are fully collected and reviewed. *Blanc* v. *Klumpke*, 29 Cal. 156. The obstruction here was not remote, but abutted directly on the estate of the plaintiffs. *Willard* v. *City of Cambridge*, 3 Allen, 574.

There is a matter connected with this point which was not discussed at the bar, but which deserves a passing remark. In Maine, *Reed* v. *Inhabitants of Belfast*, 20 Me. 246 ; *Sandford et ux.* v. *Inhabitants of Augusta*, 32 Me. 536 ; *Weeks* v. *Inhabitants of Shirley*, 33 Me. 271 : in New Hampshire, *Ball* v. *Town of Winchester*, 32 N. H. 435 ; *Griffin* v. *Sanbornton*, 44 N. H. 246 : in Massachusetts, *Smith* v. *Inhabitants of Dedham*, 8 Cush. 522 ; *Holman* v. *Inhabitants of Townsend*, 13 Met. 297 ; *Brailey et al.* v. *Inhabitants of Southborough*, 6 Cush. 141 ; *Harwood* v. *City of Lowell*, 4 Cush. 310 : and in Connecticut, *Chidsey* v. *Town of Canton*, 17 Conn. 475, it has been held that towns, under their statutes, are liable only for injuries to person and property suffered by persons using the highway, and not for damages sustained in consequence of not being able to use it, nor in consequence of not being able to use it without additional trouble and expense.

Some of the cases cited were decided in view of the specific

terms used in the statutes, and some of them in view of the fact
that language, originally specific, had been generalized in revi-
sion for the sake of brevity merely, as was supposed, and not to
extend its meaning. *Harwood* v. *City of Lowell,* 4 Cush. 310.
Our statute makes the towns " liable to all persons who may in
*any wise* suffer injury to their persons or property by reason of
any such neglect." The provision appears first in the Digest
of 1844. It has always remained the same. Its meaning can-
not be narrowed by tracing it to an earlier form. It is certainly
broad enough, giving proper effect to the words " in any wise,"
to cover a consequential injury to property, and therefore broad
enough, we think, to cover the injury complained of by the plain-
tiffs.

2. A statute of the state makes it the duty of the several
towns and cities of the state ·to keep their respective highways
" safe and convenient " for travellers with their teams, carts, and
carriages, at all seasons of the year, and provides that any town
or city which shall neglect this duty " shall be liable to all per-
sons who may in any wise suffer injury to their persons or prop-
erty by reason of any such neglect." The duty being imposed
by statute cannot be qualified by anything of less authority. A
town or city which is subject to the duty cannot qualify it by
contract or otherwise. But by statute it can be qualified, and
qualified, too, either expressly or by implication. A statute con-
fers upon the city of Providence the power to make sewers in
the streets of the city.. This power cannot be exercised with-
out a remission of the duty, and, therefore, by implication, the
duty is suspended, while a sewer is making, for so long a time as
is reasonably necessary to do the work. But beyond that the
implication does not go, and, therefore, if more time is taken, it
is taken in violation of the statutory duty, and any person who
is specially injured thereby, either in his person or his property, is
entitled to indemnity under the statute. This would hardly be
disputed if the city had made the sewer for itself. The conten-
tion is that the city did not incur liability, because, instead of
making the sewer for itself, it let it out to be made by a contrac-
tor. In support of this many cases have been cited. The cases
cited are, however, distinguishable from the case at bar. They
were decided on the principle that, when a person has work done

for him under contract, without reserving to himself any direct control of the contractor or his men, there is no relation of principal and agent, or of master and servant, between him and them, and, consequently, no such liability for their torts and negligences as is incident to that relation. The cases would have value as precedents, if, for instance, the city were sued for some tort or negligence of the contractor or his men, not amounting to a public nuisance. The city, if so sued, could not, according to those cases, be held, if it had parted, and could lawfully part, with the control of the work. That, however, is not this case. Here the city is sued for neglecting its statutory duty. It says in excuse that the duty was suspended for the time being by the making of a sewer in the street, under an authority conferred on the city by statute. The answer is, that the work on the sewer was unreasonably prolonged. The city replies that it is not to blame for that, because the making of the sewer was committed to a contractor. Then comes the question whether the city can, by making a contract for its own benefit, relax the obligation of a duty imposed upon it by statute, for the benefit of the public. We think it cannot. The city has both the duty to perform and the power to exercise, and, if it exercises the power, it is bound to exercise it so as not unnecessarily to circumscribe or suspend the duty. It may make the sewer itself, or it may commit the making to contractors ; but if it elects to commit the making to contractors, it must still see to it that the streets are not unnecessarily obstructed ; for, in whichever way the work is done, the duty to keep the streets safe and convenient is the same. *Storrs v. City of Utica,* 17 N. Y. 104; *City of Cincinnati* v. *Stone et al.* 5 Ohio St. 38 ; *Brooks et ux.* v. *Inhabitants of Somerville,* 106 Mass. 271, 276 ; *Inhabitants of Lowell* v. *Boston & Lowell R. R. Corp.* 23 Pick. 24, cited and commented on in *Hilliard* v. *Richardson,* 3 Gray, 349, 352, 353 ; *Water Co.* v. *Ware,* 16 Wall. 566, 575; *Gray et ux.* v. *Pullen & Hubble,* 5 B. & S. 970 ; *Hole* v. *Sittingbourne & Sheerness R. R. Co.* 6 H. & N. 488; *Lesher* v. *Wabash Navigation Co.* 14 Ill. 85 ; *Chicago, St Paul & Fond du Lac R. R. Co.* v. *McCarthy,* 20 Ill. 385.

We find it unnecessary, in the view which we have taken, to consider a question which has been somewhat discussed, namely, whether the city did not reserve to itself such a control of the

contractor and his men as to make it liable, even as principal or master, for their torts and negligences. We express no opinion upon that question, but, for the reasons already stated, refuse a new trial. *Petition dismissed.*