## Chicago & Grand Trunk Ry. Co. and the Grand Trunk Junction Ry. Co. v. Henry Hart.

1. RAILROADS—*Lessor Company Liable for Wrongful Acts of Lessee.* —The law is well settled in this state that a lessor railway company, as a general rule, is liable for the wrongful or negligent acts of its lessee in the operation of its railroad. A company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise.

2. CORPORATIONS—*Liability for Negligence of Contractors.*—A corporation is liable for the negligence of its servants or agents, who are contractors doing work authorized solely by the charter powers of the company.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902.

**Statement.**—Appellee, who was on June 19, 1899, a switchman in the employ of the appellant, the Chicago & Grand Trunk Railway Company, was injured while in the discharge of his duty as such employe by reason of the breaking of a journal on one of the axles of the railway company's engine on which appellee was riding at the time. Suit was brought for appellee's injuries against the railway company, and a declaration filed, which was afterward amended by making the appellant, the Grand Trunk Junction Railway Company, a defendant. Two additional counts to the declaration were also filed and a plea of the general issue by both the defendants. A trial before the Superior Court and a jury resulted in a verdict of guilty as to both the defendants, assessing the damages at $6,000, upon which judgment was rendered, from which this appeal is taken.

K. M. LANDIS, attorney for appellants; ALBERT M. CROSS, of counsel.

JAMES C. McSHANE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellants claim that the judgment can not stand, because, it is said, there is no evidence upon which to base any liability of the Junction Railway Company. This company was at the time of the injury the owner of the railway track, and the Grand Trunk Railway Company was then the owner of the engine which caused the injury, while being operated by the latter company on the former company's track, and while the appellee was engaged in its service.

The contention is made that while the owner of the railway track might, under the circumstances shown in this case, be liable to a passenger or member of the public or

servant of an independent contractor, the rule is different in the case of an employe who is injured by a defect in an appliance furnished by his master, who is the lessee of the railway track.

The law is well settled in this state that a lessor railway company, as a general rule, is liable for the wrongful or negligent acts of its lessee in the operation of its railroad. R. R. Co. v. McCarthy, 20 Ill. 385; R. R. Co. v. Lane, 83 Ill. 448; Balsley v. R. R. Co., 119 Ill. 71; Penn. Co. v. Ellett, 132 Ill. 659; R. R. Co. v. Dudgeon, 184 Ill. 477.

It is, however, claimed that these cases, and many others which might be cited, have no application to the case at bar for the reason that the liability of the lessor company in these cases is based upon the fact that a valuable franchise is granted to it by the state and that it should not be relieved from its duties and obligations toward the public unless by express consent of the legislature; whereas an employe of a lessee has no connection with the lessor company, owes it no duties, has no rights against it by reason of the relation of master and servant, and is therefore in an entirely different position from that of a passenger or the public at large. Cases cited from other states and the federal courts seem to sustain this contention, but we are of opinion that they should not control in the case at bar. The exact point does not seem to have been decided in this state, though it is claimed the cases of West v. R. R. Co., 63 Ill. 545; R. R. Co. v. Dudgeon, 184 Ill. 477; Economic Gas Co. v. Myers, 168 Ill. 139; Ry. Co. v. Conroy, 39 Ill. App. 352; and R. R. Co. v. Dick, 87 Ill. App. 41, in principle are controlling on this point.

In the West case it was held that a servant of contractors of a railway company was injured by a poisonous mixture applied by the contractors to the timber used in the construction of a freight house which they were building for the railway company, the mixture being used to prevent decay of the timber. The court, Chief Justice Lawrence delivering the opinion, distinguished the case from a number of cases which were relied upon to establish the liability of the railway company, and say:

" These were all cases in which redress was sought against a chartered company for wrongs done by persons while in the performance of acts which they would have had no right to perform, except under the charter of the company. The court laid down the salutary rule that as to such acts the company could not escape corporate liability by having the acts performed or the work done by contractors or lessees. These persons must be regarded, in such cases, as the servants of the company, acting under its directions, and the company must see that the special privileges and powers given to it by its charter are not abused."

The court, after further discussing the general principles governing the liability of the railway company and distinguishing the case under consideration therefrom, further say (p. 549):

" The principle we consider to be substantially this : the company may be held liable when the person doing the wrongful act is the servant of the company and acting under its direction, and though such person is not a servant, as between himself and the company, but merely a contractor or lessee, still he must be regarded as a servant or agent when he is exercising some chartered privilege or power of the company, with its assent, which he could not have exercised independently of such charter. In other words, a company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise."

In the Myers case, *supra*, a judgment in favor of an employe of a contractor of a gas company, who was injured while working for the contractor in joining the pipes and mains of the gas company by the escape of gas which took fire and exploded, was sustained, the Supreme Court citing in support of its opinion, among other cases, the West and Conroy cases, *supra*, and quoting in part the language of the West case, above set out.

In the Dudgeon case a recovery in favor of a conductor of a railway company against the company, who was injured by the negligence of an independent contractor, who was relaying the company's tracks, in piling paving stones in the street, close to the company's tracks, was sus-

tained.    The court quotes in its opinion both from the West
and Myers cases, *supra*, the language above referred to,
and cite in support of the holding, among other cases, the
Conroy case, *supra*.    The Supreme Court thus having cited
with approval the Conroy case in both the Myers and Dud-
geon cases, we must regard it as much an authority in sup-
port of the judgment in the case at bar as an opinion of the
Supreme Court. '

In the Conroy case a judgment in favor of an employe
of the contractor of a railroad company, who was injured
by a defective axle of a hand-car of the company, was sus-
tained.    It is true that there was evidence that Conroy
was in the employ of the company and paid by it, but the
court say :    " We have seen, it can make no difference under
the facts whether he was in the direct employ of the com-
pany, or in the employ of Kneeland, the contractor.    He
was, in either case, the servant of the company, and the
company is responsible for his injury;" and the liability of
the railroad company is expressly based in part upon the
fact that the work being done by the contractor was done in
pursuance of the charter powers of the company to con-
struct or reconstruct its railroad.

In the Dick case, *supra*, the general question of liability
of a railway company for the negligence of the servants of
an independent contractor in doing work for the company
which is authorized by its charter powers, is quite fully
considered in an opinion by Mr. Justice Adams, reviewing
the authorities in this state, as well as those of other
states and in England, and it was held that the railway
company was liable for the negligence of its servants or
agents, who were contractors doing work authorized solely
by the charter powers of the company.    The court say :

" That there are cases contrary to the views expressed in
this opinion, must be admitted; but in view of the Illinois
decisions cited, and which we think supported by the
better reason, we think the question of the liability of a
corporation for the negligence of its contractor, in the
performance of work authorized by the charter of the cor-
poration, and which the corporation authorized the con-
tractor to perform, *res adjudicata* in this state."

The court further say, in answer to the contention of counsel that the negligence in question was not a direct result of the work authorized, but was merely collateral thereto, and therefore there could be no recovery :

" If this proposition is sound law, then no recovery can ever be had on account of injury resulting from the negligence of a servant or agent in the performance of an act which he was authorized by his master or principal to perform, because negligence is never authorized by master or principal. The proposition is utterly untenable. The law is that if the agent or servant is guilty of negligence resulting in injury to another, in the performance of that which he was authorized to perform, the master or principal is liable to the injured party."

In Logan v. R. R. Co., 116 N. C. 941–50, a very thoroughly considered case, in which the court passed upon the distinction here attempted to be made, viz., as between servants of the lessee and other members of the public, after referring to the authorities which hold that the lessee is solely answerable for injuries to its own employes and servants, say that there is no sufficient reason for drawing such line of distinction; that the liability of the lessor grows out of the duty imposed with the privileges conferred by its charter; and further say :

" Where the lessor company would be liable, if it had remained in charge of the road, to a person acting as its own servant, we see no reason why it should not be answerable to him when employed by the lessee. Its implied obligation in the first instance—to come back to the touch-stone —was to compensate its own servants for injuries due to any cause other than the carelessness of their fellows, and the same rule must apply in its relation with servants of the lessee."

To like effect in principle are James v. R. R. Co., 121 N. C. 523–9, and Harden v. R. R. Co., 129 N. C. 354–9. The latter is a fully considered case, and involves a claim against a lessor company for an injury to an employe of its lessee, caused by improper appliances on the cars of the lessee used in the operation of the railway of the lessor.

In 2d Elliott on Railroads, 610, the learned author gives

it as his opinion that the lessor company is not liable to the servants of its lessee for injuries caused solely by the negligence of the lessee in operating the road, but admits that "the weight of authority is against our opinion."

It is a fact worthy of notice that in none of the utterances of the Supreme Court is any such distinction as here contended for, made, and we see no reason why such a distinction should be recognized as between the employes of the lessee company and other members of the public. Such employes are a part of the general public. It will not and can not be contended in this case but that the Grand Trunk Railway Company was operating its engine upon the track of the Junction Railway Company under and by virtue of the charter powers of the latter company, and in the exercise of such charter powers the former company must be regarded as the servant and agent of the latter. The language of Chief Justice Lawrence in the West case, *supra*, is peculiarly applicable here. He says: "A company seeking and accepting a special charter must take the responsibility of seeing that no wrong is done through its chartered powers by persons to whom it has permitted their exercise." It was the duty of the Grand Trunk Railway Company to furnish appellant, its employe, reasonably safe appliances for him to do his work, and failing to do so, must be answerable for resulting injuries not assumed by him and not the result of his own negligence. It is not claimed that he was negligent or assumed the risk of injury from defective appliances. As we have seen, this company was but the servant or agent of the Junction Railway Company, and was performing the duties of the latter company, pursuant to its chartered powers. The most that can be claimed by the Junction Railway Company is the same claim that was made in the Dick case, *supra*, which contention was held in that case to be utterly untenable, for the reason that "if the agent or servant is guilty of negligence resulting in injury to another in the performance of that which he was authorized to perform, the master or principal is liable to the injured party."

A second claim is made, that the verdict is against the weight of the evidence, in that the weight of the evidence shows that the defect in the journal of the axle was latent, and such that the lessee company in the exercise of ordinary care could not have known of the defect in time to avoid the accident. It seems unnecessary to detail the evidence on this point, which is conflicting. We have carefully read and considered it, and are of opinion that we should not interfere with the verdict on this account. It can not be said, as we view it, that the verdict, in this respect, is clearly and manifestly against the evidence.

A further contention is that the court erred in the giving of the 2d, 3d, 4th and 8th instructions on behalf of appellee, and in the refusal of the 24th instruction asked by the appellants. It would unduly extend this opinion to quote and discuss these several instructions. We have considered them all in the light of counsel's argument, and are of opinion that there is no ground of reversal because of the rulings of the learned trial judge on instructions.

It is also said that the damages are excessive, but to this claim we are unable to yield our assent. There is a conflict in the evidence as to the extent and permanent nature of appellee's injuries. The question was one peculiarly, in the first instance, for the jury, and inasmuch as there is evidence strongly tending to justify the amount of damages awarded, and the verdict of the jury has received the sanction of the learned trial judge, we do not feel justified in substituting our judgment as to the amount of damages for that of the jury and trial court.

A further point is made in the brief of counsel, but not argued specially, viz., that the judgment against the two appellants is a unit, and as there is no evidence against one of them, it must be reversed as to both. What has been said with regard to the liability of both the appellants sufficiently disposes of this claim.

The judgment of the Superior Court being, in our opinion, justified by the whole record, is affirmed.