# THE PEORIA AND ROCK ISLAND RAILROAD COMPANY

*v.*

# SYLVIA L. LANE, Admx. etc.

1. RAILROADS—*company liable for negligence of its lessees.* A railway company holding the franchise and exclusive right to operate a railroad, must so use it as not to endanger passengers or property, whether the use be by themselves or others they may permit to use the road. The company owning the road and franchise is liable for an injury to a passenger through the negligence of its lessees, or of another company using the road by its permission.

2. If a switch on a railroad is not properly locked or otherwise secured, whether by the neglect of the employees of the company owning the same, or its lessees, or if the switch is not properly constructed and maintained, and injury is thereby occasioned to a passenger on a train operated by the lessees, the company owning the road and franchise will be liable.

3. NEGLIGENCE—*what is, on the part of a passenger.* If a passenger on a train, without the direction of the company, leaves his seat in a passenger coach and goes into the baggage car, where he is killed by its being overturned, he will be guilty of such a high degree of negligence as to defeat a recovery by his personal representative against the company, unless the latter is guilty of wanton or reckless misconduct on its part.

4. EVIDENCE—*of the degree in civil action.* In civil actions a preponderance of evidence only is required to establish facts, and it is not required that the evidence shall leave no reasonable doubt on the minds of the jury.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

This was an action on the case, by Sylvia L. Lane, administratrix of the estate of Oliver N. Lane, deceased, against the appellant, to recover damages for the death of her intestate, alleged to have been caused by the negligence of the defendant. The suit was brought in Rock Island county, and the venue changed to Warren county. The defendant pleaded the general issue, and a trial was had, resulting in a verdict and judgment of $4708.33 in favor of the plaintiff.

Messrs. INGERSOLL & PUTERBAUGH, and Mr. W. S. BUSH, for the appellant.

Mr. JOHN J. GLENN, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears that appellant was the owner of the track, right of way and franchise of the road where this accident occurred. They had entered into an agreement to permit the Rockford, Rock Island and St. Louis Railroad Company to run trains over their road from Rock Island to Orion. The latter road was to pay the former $31,000 per year, and half of the gross receipts for the local business between the two points. The accident occurred by the overturning of a baggage car in a train belonging to and being operated by the Rockford, Rock Island and St. Louis company.

It is first urged, that appellant is not liable for the negligence or mismanagement of the employees of that company whilst running on their track — that the Rockford, Rock Island and St. Louis company are alone liable for their negligence. There is no doubt but they are liable for their own acts, and some courts have held, that the company owning a road is not liable for the negligence of their lessees or of other roads using their track by arrangement or consent. But this court has repeatedly held, that a company holding the franchise and exclusive right to operate a road, must so use it as not to endanger passengers or property, whether the use be by themselves or others they may permit to use the road, and that if they permit another company to run their trains on and over their track, and injury grows out of negligence of the use of the road thus authorized, the company owning the road and franchise will also be liable. *Lesher* v. *The Wabash Nav. Co.* 14 Ill. 85; *Hinde* v. *The Wabash Nav. Co.* 15 ib. 72; *Chicago, St. Paul and Fond du Lac Railroad Co.* v. *McCarthy*, 20 ib. 385; *Ohio and Mississippi Railroad Co.* v. *Dunbar*, 20 ib. 623; *Sidders* v. *Riley*, 22 ib. 109; *Illinois Central Railroad Co.* v. *Finnigan*, 21 ib. 646; *Illinois Central Railroad Co.* v. *Konause*, 39 ib. 272; *Toledo, Peoria and Warsaw Railroad Co.* v. *Rumbold*, 40 ib. 143. These cases fully settle the rule in this court, nor has appellant's counsel adduced reasons in argument that by any means satisfy us that a sound

29—83d Ill.

public policy does not require the rule.  It has been adopted with a full knowledge that there are decisions of other courts for whom we have great respect, announcing a different rule.

But there are other courts of equal ability who announce the rule adopted by this court.  We can not be expected to change a rule simply to make it conform to that of some other court, arriving at a different conclusion.  We have no doubt of the soundness of the rule of this court, and must, therefore, decline to review the conflicting decisions of the various courts. The same rule is announced by the Supreme Court of the United States, in *Railroad Co.* v. *Barrow,* 5 Wall. 104.  See, also, *Nelson* v. *Vermont Central Railroad Co.* 26 Vt. R. 721. This objection can not, therefore, be allowed.

This being true, it follows that if the switch was not properly locked or otherwise secured, through the negligence of the employees of either road, and the injury was thereby occasioned, appellant would be liable; or if the switch was not properly constructed and maintained, appellant, as the owner of the road, would be liable.  On this question there was a large amount of evidence which was inharmonious in its character, and which was for the jury to determine, under proper instructions.

The first of appellee's instructions, to which objection is made, is in entire harmony with the rule above announced, and the same is true of his fifth instruction.  We perceive no objection to the eighth or ninth of the series.

The sixth of appellee's instructions is objected to by appellant.  It is this:

"The jury are further instructed, that while it is true that the proper place for a passenger, while riding upon a railroad train, is in the passenger coach, yet the jury are further instructed that a passenger may rightfully be in a baggage car, and not thereby be chargeable with negligence such as to excuse the railroad company upon whose train such passenger may then be riding, from the performance of its duties imposed upon it by law in properly building and maintaining its road,

with its curves and switches, or persons operating trains of cars upon its track with its consent, from gross negligence in the running and management of a train upon which such passenger may then be riding."

It is urged that this instruction does not state the law correctly, and that it misled the jury.

In the case of *Galena and Chicago Union Railroad Co.* v. *Yarwood*, 15 Ill. 468, it was held, where the passenger car was full, and Yarwood had paid for a ticket, and on entering the cars was directed by the conductor to go into the baggage car, which he did, but afterwards left that car, and whilst standing up in one of the passenger cars it was apparently about to be thrown from the track, and he jumped off and had his leg broken, that he could not recover.

It appeared in that case, that if he had remained in the baggage car, as directed, there would have been no apparent necessity for leaping from the train, and he would not have been injured. So in this case. Had deceased remained in the passenger car, where there was an abundance of room, he would not have been killed. It was by reason of leaving his seat in the passenger car, not by direction of the conductor of the train, but for the purpose of getting a plate of iron and some other small articles in the baggage car, that his death was occasioned. He, as all others, knew that the baggage car is not designed for passengers. It is alone for baggage, express matter, and such articles as passengers may be permitted to place therein as a matter of convenience, and for the use of employees on the train. Where there are large quantities of baggage piled up in that car, in case of accident, persons therein would be liable to have it fall on them, and produce great injury, if not death, as was done in this case. This, therefore, renders it more hazardous than in the passenger cars. They are so constructed as to be free from such or like dangers. He must have known that the payment of his fare entitled him to a seat in a passenger car, and in consequence of that knowledge he appears to have taken a seat therein upon entering the train.

The company did not expect or intend that passengers should occupy the baggage car, and hence they had not arranged it with a view to the safety of passengers. Had they designed it for that purpose, they would have arranged the baggage differently, so as to secure passengers from injury from its falling on them.

Deceased left a place of safety and sought one of danger, and thus lost his life. His doing so was not invited or directed by the company. He, in going there, was guilty of a high degree of negligence—so high, in fact, that the company are exonerated from liability, unless the company were guilty of wanton or reckless misconduct on their part. Although the company may have been guilty of negligence, (which we do not decide,) still we do not see that it was wanton or reckless. The road, at that place, may not have been constructed on the very best plan, yet it was not gross negligence in comparison with that of deceased.

Deceased was manifestly guilty of as great negligence as the company, if not greater. Suppose he had got on the frame in front of the engine, without being directed to do so, and had been injured, could it be contended that he might recover? Surely not; because he had sought a situation of great peril. When a person takes such and like hazards, of their own choice, they must bear the injury. Had the deceased acted with ordinary prudence, and remained in the passenger car, where it was his duty to have remained, he would not have been killed. Nor does it matter that the conductor testified that passengers could go into the baggage car, as, when a person buys a ticket, the act implies that the company shall furnish him with a seat in a car provided for passengers, and not in a car provided for baggage. Such a ticket does not entitle the passenger to go therein without permission.

The majority of the court hold this instruction should not have been given.

All of appellant's instructions, but the fourth and tenth, which were refused, are in the teeth of the decisions of this court, referred to in the former part of this opinion, and were

properly refused. The fourth would have been free from objection had the last clause, referring to negligence of the Rockford, Rock Island and St. Louis Railroad Company, been omitted. The tenth was manifestly wrong, as this was a civil action, and all know that in such cases only a preponderance of evidence is required to establish facts, and not that the evidence shall leave no reasonable doubt on the minds of the jury. We are surprised such an instruction should have been asked.

But for the error in giving the sixth of appellee's instructions, a majority of the court hold that the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*