## H. & T. C. R. R. Co. v. M. L. Clemmons.

(Case No. 4076.)

1. CONTRIBUTORY NEGLIGENCE.—A passenger on a railway train, who, instead of occupying a coach provided for passengers, remains, without necessity therefor, in the baggage car, knowing the fact that he is in more danger there than in a passenger coach, and thus remaining, receives injury in the wreck of the train, which he would have avoided had he remained in the passenger coach, is guilty of contributory negligence, and cannot recover on account of injuries received under such circumstances.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Suit brought by plaintiff in the district court of Grayson county to recover damages for personal injuries received by him in the wreck of a train on defendant's line of railway, on the 7th day of April, 1877, which plaintiff alleges occurred through the negligence of defendant's servants, and by the use of inferior and inadequate machinery.

The answer was a general denial, and especially that the accident was unavoidable, and without any fault of

defendant or its employees, and that plaintiff contributed to his injury by riding on said train in a place more perilous than that provided by defendant for the carriage of passengers — *i. e.*, the coaches — without the knowledge of defendant and in violation of rules known to plaintiff. Judgment for plaintiff in the sum of $2,200.

Clemmons, in his testimony, stated he was in the baggage car, and had gone in there to get a drink of water when the wreck occurred; that he was standing near the middle of the car, and had been in there about five minutes; that he had been railroading a number of years prior to the accident, when he was running as fireman on the engine that was pulling the train wrecked.

C. R. Barth testified that he was the conductor; that there was a baggage car and coaches in the train, and that the coaches were for the passengers; that passengers were prohibited from riding in the baggage car by himself and other employees, and that plaintiff was a railroad man and knew he ought not to ride there.

G. A. Quinlan testified that the baggage car is a place of more peril to ride in than the coaches in its rear.

Wagley testified that the cars were about half full when they left McKinney; and that nobody was in the baggage car between McKinney and Melissa except the conductor, himself, and a person whom he was informed was a German laborer or brakeman.

Thos. Kelty testified that but three persons were hurt in the wreck — the engineer, himself and the plaintiff, and that witness was the fireman, and breaking coal in the tank when the wreck occurred.

The testimony showed that water for passengers on the train was carried in the baggage car; that there was no water in the coaches and that there were no porters on the train to carry water to passengers.

The wrecked train was an excursion train, got up for that purpose, from Denison to Dallas and return. De-

fendant in error was a passenger on the train and had paid his fare. The engine used to draw the train was a freight engine, provided with only the common Armstrong brakes, and did not have the improved Weston hose and air brake attachments now used on passenger trains. Both the conductor and engineer were discharged immediately after the accident, by the plaintiff in error. The witnesses differ about the speed the train was running at the time of the wreck, varying from twenty to forty miles an hour. The maximum speed allowed for that train by plaintiff in error was twenty-four miles an hour. The wreck was caused by running over a mule. The road of defendant in error at the place of the wreck was straight. When the train approached the mule the whistle was not sounded, or other means used to frighten the mule from the track. There was no evidence that any effort was made to stop the train as it was approaching the mule.

*R. De Armond*, for plaintiff in error.

*J. D. Woods* and *W. W. Wilkins*, for defendant in error.

Bonner, Associate Justice.— That the baggage car was a place of more danger, ordinarily, than the regular passenger coach provided by the company, is a fact well and generally known, and particularly to one who, like the plaintiff Clemmons, was then and had been for years in the employment of railroad companies in running their trains; a part of the time as fireman upon this very road and engine.

It is reasonable to presume, even in the absence of testimony, that the plaintiff knew of this danger and the wholesome regulations of the defendant company forbidding passengers to ride upon its baggage cars.

That plaintiff, therefore, was guilty of contributory negligence in this case, cannot be questioned, as the tes-

timony shows that he would not have been injured had he remained in the passenger coach. R. R. Co. *v.* Jones, 5 Otto, 439; R. R. Co. *v.* Lane, 83 Ill., 448; Hickey *v.* R. R. Co., 14 Allen, 429. Under well established rules of law, this contributory negligence would exonerate the company for liability, unless the plaintiff brought himself within some exception to these general rules. Hickey *v.* R. R. Co., 14 Allen, 431.

It is said in this last named case, that "if sufficient and suitable provision be made within the cars for all the passengers, the managers of the train are not under obligations to restrict them to their proper places, nor to prevent them from acts of imprudence. If they voluntarily take exposed positions, with no occasion therefor nor inducement thereto caused by the managers of the road, except a bare license by non-interference or express permission of the conductor, they take the special risks of that permission upon themselves." 14 Allen, 433.

To the same effect is the above case of R. R. Co. *v.* Jones, 5 Otto, 439.

The reason given by the plaintiff for being in the baggage car at the time of the accident was that he had gone there to get water, none being otherwise furnished. He himself, however, states that he had been there about five minutes, and no necessity is shown why he should have remained so long. Although he swears that he was at the time in the baggage car, yet there was testimony tending to prove that he was elsewhere. He admits to have been upon the engine a part of the trip; one witness testifies that he was there ten minutes before the accident, and there is testimony in regard to contradictory evidence given by plaintiff on a former trial, as to his riding upon the engine, tending to impeach his verac-ity as a witness.

The case as presented to us does not show such satisfactory reason on the part of the plaintiff as would jus-

tify his being, at the time of the accident, at any other than the place provided for the accommodation of passengers, so as to bring him without the general rule of contributory negligence.

Neither does the testimony, as contained in the record, show such gross negligence on the part of the company in the selection of their employees, or that the accident was occasioned by such gross negligence at the time upon the part of these employees, or for the want of proper machinery and appliances, which would authorize the plaintiff to recover on this ground, notwithstanding he may have been guilty of contributory negligence.

We are therefore of opinion that the judgment is not supported by the evidence as applied to the law of the case, and it is accordingly reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 22, 1881.]