H. & T. C. R'y Co. v. EDWARD RICHARDS.

(Case No. 3624.)

1. CONTRIBUTORY NEGLIGENCE.— One who had been a section hand on a railway, while traveling at night between road crossings by stepping on the railway ties, was struck by an engine from behind and injured. He knew that a train approaching from behind him was due, and watched, looking behind from time to time for its approach. He testified that the engine had no head-light burning, and that he would have escaped the injury if it had been burning. As to whether the head-light was burning, he was corroborated by some witnesses and contradicted by others. *Held*,

(1) The evidence did not warrant a verdict for damages.

(2) One thus aware of his danger, and who by his own act contributes to the injury, cannot recover, unless the railway company, through its agents in charge of the engine, has knowledge of his danger long *enough before its infliction to avoid it*, or the injury was wilful.

(3) A court cannot declare as matter of law that the omission of any act is negligence, unless its performance is required by law.

(4) He who seeks damage for injury inflicted by another cannot recover if he has himself contributed to it.

(5) This case distinguished from H. & T. C. R'y Co. v. Sympkins.

ERROR from Collin. Tried below before the Hon. Joseph Bledsoe.

Suit by defendant in error to recover damages for injuries received from the alleged carelessness and gross negligence of the defendant's servants in running its locomotive and cars against him, whereby he was thrown from the track, his arm and leg broken, and

he was permanently disabled. He alleged that in consequence of his injuries he suffered great pain, and incurred heavy expense by loss of time, medical bills, expenses for nursing and attendance, etc., laying his damages at $10,000.

The defendant answered by a general demurrer and a general denial.

Plaintiff amended by averring that he used due care in looking and listening for the approach of the train while on the track, and that the place at which he was injured was near the crossing of a public wagon road which was used by the traveling public. He also charges that there was no head-light burning.

Defendant amended, charging that, if plaintiff was injured as alleged, it was by reason of his own negligence, and not from any want of care of the defendant; that plaintiff's presence on the track was not known or suspected, although all reasonable care and watchfulness were exercised by defendant.

Verdict and judgment for plaintiff for $1,000.

The court charged that, if plaintiff was injured by the want of proper care on the part of defendant's servants, he would be entitled to recover, unless his injuries resulted from his own want of proper care and diligence.

2d. If plaintiff was using the railroad track as a highway between stations by traveling on it, he was a trespasser and not entitled to recover, unless defendant wantonly propelled the train against him, or was guilty of such gross negligence as would amount to an intention to injure.

3d. Running a train at night without a head-light would be gross negligence; but whether it would amount to wilful or wanton misconduct must be determined by the circumstances of the case. The absence of a head-light alone would not be such gross negligence as would amount to an intention to injure, as to a person using the track as a foot-way at such a time. The burden of proving the negligence or wanton misconduct was upon plaintiff.

Several charges were asked by both plaintiff and defendant, and were refused.

From the statement of facts it appears that about eight o'clock at night the plaintiff started from section house No. 40, in Collin county, to Plano, which is two miles further south. He walked on the track, stepping on the ends of the ties on the outside of the rails, to the left. The night was very dark, a strong wind blowing in his face and a drizzling rain falling. He had been a section hand on the road; he knew that the express train was due, and (such was

Opinion of the court.

his own testimony) at every step he listened and looked back for the train, which was running south. He was sober, and his senses of sight and hearing were good. Suddenly, without hearing or seeing the train, he was knocked off into the ditch, where he lay till morning — his arm and leg broken, and suffering from various hurts and bruises inflicted. The injury was inflicted some four or five hundred yards south of section house No. 40. He says that if there had been a head-light on the train he certainly would have seen it. Several witnesses testify that they saw the same train some six or eight miles further south and it had no head-light. The engineer testifies that he kept a careful look-out, did not see any one on the track, or suspect that any one was there, and did not know of the accident till long afterwards. He lighted the head-light before dark, far to the north of this place, and kept it burning all the time. Several witnesses testify that at section house No. 40, only four or five hundred yards away, the head-light was burning, and another testifies that at Plano, less than two miles south of this place, the head-light was visible.

*R. De Armand*, for plaintiff in error, cited Shearman & Redfield on Negligence, sec. 448; 53 Pa. St., 250; 24 Pa. St., 465; 2 Cincinnati Sup. Ct. Rep., 268.

*J. H. Jenkins*, for defendant in error, cited Field on Damages, p. 168, and note 25; id., p. 169, note 20, and authorities therein cited; 2 Redf. on Railways (4th ed.), p. 31; Whart. on Neg., sec. 388, and authorities cited; Lacey's Dig. R'y Dec., p. 460, arts. 150, 151; id., p. 462, art. 164; id., p. 475, art. 325; 7th Am. R. W. Rep., p. 130; 36 Md., 366; 50 Mo., 461; 51 Mo., 190; 37 Mo., 537; 19 Conn., 507; 22 Vt., 213; 24 Vt., 487; 13 Ga., 86; 1 Ald. & El. (N. S.), 29.

DELANY, J. COM. APP.— It is well established in this state that he who seeks redress for the wrongful act of another must use due diligence to prevent loss or injury therefrom. Brandon *v.* Manufacturing Co., 51 Tex., 121. And where the plaintiff has, by his own want of proper care, contributed to the injury of which he complains, a recovery will be denied him. H. & T. C. R'y Co. *v.* Gorbett, 49 Tex., 573; R. R. Co. *v.* Randall, 50 Tex., 254; R. R. Co. *v.* Le Gierse, 51 Tex., 189, and many later cases.

It is also held in other states that if the plaintiff, in setting out his cause of action, shows that his own negligence has contributed materially to the injury of which he complains, his petition will be

bad on demurrer, although the defendant also may have been guilty of negligence. Ream *v.* Pittsburg, etc., R. R. Co., 49 Ind., 93; 1 Thomp. on Neg., p. 449. In the case from Indiana "a demurrer was sustained to a petition on the ground of contributory negligence, which alleged that plaintiff's intestate with others were riding for pleasure on a hand-car one thick, foggy night, which was run down by an extra freight train going at the rate of forty miles an hour, without a head-light burning, and giving no signals of its approach." Thompson, *supra.*

The plaintiff thus " makes the defense of contributive negligence for the defendant in stating his own case." Chief Justice Roberts in T. & P. R. R. Co. *v.* Murphy, 46 Tex., 362.

The case before us presents strong proof of contributory negligence on the part of the plaintiff. The plaintiff had been a section hand on the road, and was perfectly familiar with all the modes of its operation; yet upon a dark, rainy night, with a strong wind blowing in his face, he traveled upon the track between stations, knowing that the express train was coming behind him; that it was due, and might be upon him at any moment. The only specific allegation of negligence on the part of the defendant which he makes is that there was no head-light burning on the engine, and this allegation is not fully sustained by the evidence.

The court in the general charge treated the absence of a head-light as an instance of gross negligence on the part of the defendant's servants. This charge is perhaps objectionable under the rule laid down in T. & P. R. R. Co. *v.* Murphy, 46 Tex., 356, that the court could not declare, as a matter of law, that the omission of any act is negligence, unless that act is prescribed by some law.

But apart from that consideration, was the failure to have a head-light burning (if such was the fact) gross negligence in that particular case, and as to the particular person who complains? The precise meaning of the word negligence must be determined by the facts of the particular case to which it is applied. An act which would be the extreme of negligence in one case would pass unblamed and even unnoticed in another. A man in an unoccupied country, where no one was near, might safely throw down heavy timbers from a house-top, without warning, simply because no one would probably be hurt; but the same act, done in a crowded city, where people are constantly passing, would be an act of even criminal negligence, though he should give loud warning. 4 Black. Com. So what would be gross negligence as to one party might furnish no ground of complaint to another. If poisonous food were placed

upon the table, the guest might institute a very rigid inquiry as to carefulness of the housekeeper; but if a burglar should break into the house, and carry away a piece of meat, he would hardly be heard to complain that ratsbane had been carelessly spread upon it.

Mr. Justice Cooley presents these considerations with great force and clearness in his work on Torts, p. 660. "A duty may be general, and owing to everybody, or it may be particular, and owing to a single person only, by reason of his peculiar position. . . . The general duty of a railroad company to run its trains with care becomes a particular duty to no one until he is in a position to have a right to complain of the neglect; the tramp who steals a ride cannot insist that it is a duty to him;" neither can he who makes a highway of the railroad track, and is injured by the train.

These views have been adopted, to a considerable extent at least, by the courts of this state. H. & T. C. R. R. Co. v. Clemmons, 55 Tex., 88. See, also, 52 Tex., 178. In that case there was some evidence of negligence on the part of the managers of the train; but the plaintiff was out of his proper place, and would not have been hurt had he been in his place. The court held that he could not. recover.

In the case of H. & T. C. R. R. v. Sympkins are to be found some general remarks by the learned chief justice who delivered the opinion, which may at first glance seem inconsistent with the views expressed above, but the case itself, as actually decided, does not vary the rule as previously established in this state. The chief justice refers to a number of cases (and more might be easily cited) in which parties have been technically trespassers upon the railway track, and yet under the circumstances could not be said to be guilty of contributory negligence.

In deciding such cases the judges have sometimes let fall remarks which, unless read with reference to the particular facts before the court, might perhaps mislead. In the case before us the injury did not occur at a station or crossing, where persons are likely to be found on or near the track, but at a place where the plaintiff had no right to be, and where there was no reason to expect that he would be. There is not the slightest evidence in the record that the defendant's servants were aware of the plaintiff's presence on the track, nor, under the circumstances, is it by any means certain that ordinary care on their part would have protected him against the consequences of his own rashness.

In the case of McLaren v. Indianapolis, etc., R. R. Co., 8 Am. & Eng. R. R. Cases, pt. 1, p. 217, it was held that between stations

and public crossings a railroad track belongs exclusively to the railroad company; that persons who walk, ride or drive thereon are trespassing; and they do so subject to the risks incident to so hazardous an undertaking, and, if injured by a train of the company, there is no liability unless the injury be wilful.

In a similar case in Illinois it was held that the plaintiff having himself contributed to the injury by negligence on his part, by placing himself in a situation of danger, "if the question arises as to the measure of care it was the duty of the defendant to have observed, in case it was in his power to have avoided the consequences of the plaintiff's negligence, then, in order to charge the defendant, it must be shown that he had knowledge of the peril in which the plaintiff had placed himself, or the equivalent of such knowledge, at least long enough before the injury inflicted, to have enabled him to form an intelligent opinion as to how the injury might be avoided, and to apply the remedy." 103 Ill., 512; 8 Am. & Eng. R. R. Cases, pt. 2, p. 225.

Our opinion is that the verdict is not sustained by the evidence, and that the court erred in refusing a new trial, and that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved May 1, 1883.]