## WILLIAM RUCKER v. MISSOURI PACIFIC R'Y CO.

### (Case No. 4962.)

1. FACT CASE — DAMAGES — NEGLIGENCE.— See statement of case and opinion for a suit brought by one for damages (concerning whom it was shown that he had the mental capacity of a full-blooded negro), who was injured while riding on the pilot of a railway engine under such circumstances that it was held there was no material or serious error committed in the proceedings, which resulted in a judgment for defendant.

APPEAL from Grayson.   Tried below before the Hon. R. Maltbie.

Suit to recover damages by the appellant for personal injuries received by him while a passenger on one of appellee's freight trains, laying his damages at $10,000.

The appellee answered by general denial, and specially that the appellant's injuries were caused by his own negligence and want of care, etc.   Verdict and judgment for the appellant.

It was admitted that passengers were carried on the train on which appellant was injured.   The appellant was at Mineola at work; he lived in Sherman.   On the day he was hurt he got a telegram from his wife, announcing the illness of his daughter and requesting him to come home.   There was a passenger train at the depot, going in the direction that appellant would have to travel to get home, at the time he received the telegram.   Before he got to the depot the train pulled out.   There was a freight train at the depot, going in the same direction, and appellant testified that, approaching the train on the track from the direction it was going, and coming to the engine first, he ascertained that he could get passage on that train from the men standing near, who agreed to take him at a price agreed upon.   When the train was about to start he was told to take his seat upon the pilot of the engine, which he did.   He paid the fare required of him.   The person who received him as a passenger directed him where to ride.   The appellant was a full-blooded negro of about the average mental capacity of his race, born and raised a slave.

Appellant was hurt by the engine running over a hand-car, in a deep cut, just after the engine had rounded a short curve.

Appellant had lived in Sherman near the Central Railroad about twelve years.   He had traveled by rail before.   He had worked at building the road on which he was injured.   He testified that the reason he did not go back to the caboose and get on that was because he did not have time before the train started.   It afterward stopped at a water tank, but he still remained on the pilot of the engine.

He first agreed with the person who directed him to sit on the pilot to pay him to ride from Mineola to Bells; but when after starting he came around on the engine to collect it, appellant induced him to carry him.

Other testimony indicated that the party who agreed to let him ride on the engine and collected the money from him was not the engineer, but the fireman.

Other facts are stated in the opinion. The charge in chief was as follows:

1st. "If you believe from the evidence that the plaintiff, while riding on the defendant's train, was injured and damaged through defendant's negligence as is alleged in the petition, and that he was not guilty of negligence in the mode and manner of riding on said train, you will find for the plaintiff such actual damages as you believe he has sustained; and in making the estimate you may take into consideration his loss of time, whether permanently injured, any mental or bodily pain he has or may suffer, expense of medical or other attention necessary for his cure, etc.

2d. "But if you believe that plaintiff's position on defendant's train was one of obvious danger he cannot recover, and you will find for defendant."

The court refused the following instruction asked by plaintiff: "If you believe from the evidence that the position of plaintiff on defendant's train was dangerous, but that the plaintiff had not sufficient knowledge to distinguish between a place of danger and one of safety, and that he was directed by one of defendant's servants to ride where he did, and was told by such servant that it was a safe place to ride, his riding there would not prevent his recovery though it was in fact a dangerous place to ride.

" 5. In order for you to find for the defendant on the ground that the place where the plaintiff was riding was one of obvious danger, you must believe from the evidence that it was obvious to the plaintiff, considering his capacity to judge of it, and all the circumstances by which he was surrounded, his experience and the acts and known experience of the defendant's servants."

The court instructed, at request of the railroad company, as follows: "The consent or direction of the engineer or fireman would not excuse or justify the plaintiff in occupying a position on the pilot of an engine, and the defendant would not be liable for any injuries received in consequence thereof, if the position was one which a man with ordinary prudence would not have occupied.

" 4. If the jury believe from the evidence that the position taken

by plaintiff on the pilot of the engine was obviously dangerous, and such as a person of ordinary prudence and discretion would not have occupied, they will find for the defendant notwithstanding they may believe defendant was ignorant of the danger and that he had the consent of the fireman or engineer to ride in such position."

The appellant also excepted to the refusal of the court to give the following charge asked: "2. If you believe from the evidence that the plaintiff was riding in a dangerous place, and that it was known by defendant's servants in charge of the engine, and that he was injured by the negligence or want of reasonable care on the part of those in charge of the engine in the running and management of the engine and train, and that he would not have been injured but for such negligence and want of reasonable care, you will find for the plaintiff."

The accident was caused by the train running over a hand-car. He seems from the evidence to have voluntarily remained on his perilous seat until he was injured.

And also to its refusal to give the following: "If you believe the plaintiff was injured on account of the conduct of defendant's servants, though they acted without authority, and against the rules and regulations of the defendant, if the defendant, after notice of what had been done by its servants, ratified the acts of its servants, the defendant would, in that event, be bound by their acts."

At the request of the appellee the court instructed the jury: "3. Defendant is responsible for the acts of its agents so far as they were authorized to do such acts for defendant or were vested by defendant with apparent authority to do such acts for it, but no further. A locomotive engineer or fireman employed to manage the engine has no apparent authority by virtue of such employment to collect fares from passengers, or receive them for transportation on said engine. If the rules of defendant prohibit passengers from riding in the engine, and prohibit the employees in charge of it from permitting passengers to occupy such position, it would make no difference whether plaintiff knew of such regulations or of the danger of the position, defendant would not be liable for any injuries received by plaintiff while riding in such position, though he occupied it by the advice or consent of such employees of defendant, and was ignorant that it was not a proper place to ride.

"5. The plaintiff seeks to recover for injuries received while riding on the pilot of an engine on defendant's road. If the jury should believe that plaintiff had the consent of the engineer and fireman to ride in that position, and that he had paid either of them

for the privilege of riding there, they should still find for the defendant if the evidence shows that by the rules and regulations of the company passengers were forbidden to ride in that position, and in such case plaintiff's ignorance of the rules and regulations could make no difference, and would not entitle him to recover; provided you believe such position was one of obvious danger."

*Patty, Smith & Woods* and *Wilkins & Cunningham,* for appellant, cited: Pierce on Railroads, 328, 329, 332; McIntyre *v.* Railway Co., 37 N. Y., 287; Thompson on Car. of Pass., 270, 271, 272; Dunn *v.* Railway Co., reported in Thompson on Car. of Pass., 328; Railway Co. *v.* Sympkins, 54 Tex., 615; Railway Co. *v.* O'Donnell, 58 Tex., 27; Railway Co. *v.* Nixon, 52 Tex., 19; Kerwhacker *v.* Railway Co., 3 Ohio St., 172; Sedgwick on Measure of Dam., top p. 576; 2 Thomp. on Neg., 1157; Thompson on Car. of Pass., 243; Morrisy *v.* Wiggins Ferry Co., 43 Mo., 380; Railway Co. *v.* Montgomery, 7 Ind., 474; Railway Co. *v.* Herst, 93 U. S., 291; Brown *v.* Railway Co., 11 Am. Rep., 420; Pierce on Railroads, 328, 329, 330; Dunn *v.* Railway Co., reported in Thompson on Car. of Pass., 328; Jacobus *v.* R'y Co., 20 Minn., 125 (18 Am. Rep., 360); R. S., art. 1317; Hays *v.* Railway Co., 46 Tex., 272; Wallace *v.* Finberg, 46 Tex., 50; Goddard *v.* Railway Co., 2 Am. Rep., 39.

*R. C. Foster* and *A. E. Wilkinson,* for appellee, cited: H. & T. C. R. Co. *v.* Clemmons, 55 Tex., 88; H. & T. C. R. Co. *v.* Moore, 49 Tex., 31; Cunningham *v.* R. R. Co., 51 Tex., 512; H. & T. C. R. Co. *v.* Oram, 49 Tex., 346; T. & P. R'y Co. *v.* Murphy, 46 Tex., 356; R. R. Co. *v.* Jones, 95 U. S., 439; S. C., Thompson on Car. of Pass., 248, and notes, p. 265; Griggs *v.* Houston, 104 U. S., 553; S. C., 8 Am. & Eng. R'y Cas., 359; Downey *v.* Hendrie, 46 Mich., 498; Doggett *v.* I. C. R. R. Co., 34 Ia., 284; Robertson *v.* Erie R. R. Co., 22 Barb., 91; Penn. R. R. Co. *v.* Langdon, 37 Am. Rep., 657; 1 Am. & Eng. R. R. Cas., 87; 82 Pa. St., 21; Mitchell *v.* C. & G. T. R. Co., 12 Am. & Eng. R. R. Cas., 165.

WEST, ASSOCIATE JUSTICE.— After a careful consideration of this record, we have reached the conclusion that there is no material or serious error contained in it, and that the judgment should be affirmed.

The attending physician of appellant, who had fair opportunities of judging of his mental capacity and intelligence, testified that appellant had the ordinary intelligence of a full-blooded negro. There is

nothing in the record going to show that he was an imbecile, or *non compos mentis.* There is also evidence in the record, and it was detailed in the hearing of the jury, that the appellant, without the knowledge of the conductor of the train, elected to ride on the pilot near the cow-catcher, voluntarily and without advice from any one.

It was also in evidence that the appellant, when questioned by the conductor as to his motive in taking his seat on the pilot, gave as a reason that he did not have money enough to pay his fare, and that he had given the fireman a half of a dollar to permit him to ride on the pilot.

Taking the whole case together, there is no serious error in the action of the court in giving or refusing instructions asked or in its charge in chief to the jury.

There is evidence to support the verdict of the jury, and it is accordingly affirmed.

AFFIRMED.

[Opinion delivered May 6, 1884.]