### THE TEXAS & PACIFIC RAILWAY COMPANY v. JOHN BOYD.

#### No. 55.

1. **Suit Against Railway Company — Personal Injuries — Receiver—Jurisdiction.**—The case of Railway v. Johnson, 76 Texas, 421, followed, to the effect that in an action against a railway company for personal injuries received while the railway was in the hands of a receiver, and where the earnings of the road pending such receivership were more than the alleged claim, and had all been applied to betterments of the road, the road in its improved condition, without sale, returned to the company and the receiver discharged, the injury complained of being such as would entitle the plaintiff to recover if the road were still in the hands of such receiver, the plaintiff could recover. And further, that an order of the Federal court discharging the receiver and requiring all claimants to intervene in such case within a certain time, did not affect the liability of the railway company, because that court had no power to make such an order.

2. **Charge of Court — Contributory Negligence.** — See opinion for charge of court on contributory negligence held erroneous and misleading, and for special charges refused which were sufficient to call the attention of the court clearly to that subject.

3. **Contributory Negligence—Assumed Risk.**—If appellee was a passenger, and upon the engine was a more hazardous place to ride than in the coaches provided by the receiver for passengers, and the appellee knew that fact, or by the use of ordinary care and diligence might have known it, and he voluntarily left the coaches and took the more dangerous place in order to subserve his own purposes, and with the view of gaining information to secure his own promotion, he thereby assumed the risk of the increased danger by reason of such position, and if this was the cause of his injury he can not recover. The fact that he was on the engine by invitation of the engineer, and with the knowledge of the conductor, would not change the rule.

4. **Same—Rules of Company.**—While it would make a stronger case of contributory negligence if appellee rode upon the engine in violation of known rules of the company, yet the real question in the case rests upon the stronger ground indicated above.

**5. Best Evidence.**—If the rules were in writing, the written rules were the best evidence, and should have been offered or their absence accounted for before resorting to secondary evidence. As appellant did not bring itself within this rule, the court did not err in excluding the testimony offered.

ON MOTION FOR REHEARING.

**6. Statement of Case Corrected.** — The controversy raised upon the motion for rehearing, as to whether any one was actually injured in the passenger coaches, is considered immaterial, but the statement of the case is corrected as follows: The record does not show whether any person was or was not injured in the passenger coaches.

APPEAL from Marion.  Tried below before Hon. JOHN L. SHEPPARD.

*W. T. Armistead*, for appellant, cited: Railway v. Clemmons, 55 Texas,. 88; 61 Texas, 499; 69 Texas, 665; 70 Texas, 499; 76 Texas, 636; Railway v. Jones, 95 U. S., 439; Hicky v. Railway, 14 Allen, 431; Railway v. Lane, 83 Ill., 448; 17 Fed. Rep., and note by S. D. Thompson; Patt. Ry. Acc. Law, sec. 214; 104 U. S., 553.

*C. A. Culberson*, for appellee.—1. The matters relating to the receivership were properly decided by the court below.  Railway v. Johnson,. 76 Texas, and subsequent cases to the same effect.

2. The court properly refused to give special charge number 2, to the effect, that if appellee was on the engine and had the right to ride in one of the coaches, and it was more dangerous on the engine, and that if he had been in the coach he would not have been injured, for the following reasons, among others, viz.:

(1) There was no evidence before the court on the trial, and there is none in the record, showing that appellee would have escaped injury had he been in one of the coaches.

(2) The charge ignored the question whether the appellee was lawfully on the engine.  If he was lawfully there, which was a question of fact to be determined by the jury under appropriate instructions, it would obviously be improper to deny the right to recover, regardless of that issue. Railway v. Brown, 31 Am. and Eng. Ry. Cases, 70; Railway v. Wiley, 41 Am. and Eng. Ry. Cases, 126; Wagner v. Railway, 10 S. W. Rep., 486.

3. The special charges requested by appellant respecting its rules were properly refused.

(1) There was no evidence whatever that any rule forbidding him to ride on the engine was known to the appellee, but the contrary was shown. Wood on Mast. and Serv., sec. 401.

(2) Under the facts fully established in this case with reference to the custom and practice of appellant in permitting persons employed in the motive power department to be carried on engines, the habitual violation

of the general rule mentioned in the record, that said rule did not apply to appellee, and that the engineer was authorized to permit certain persons to ride on the engines, and consented in this case that appellee might do so, according to the great weight of authority the appellee is entitled to recover, and consequently the charges under consideration were properly refused. Railway v. Prince, 77 Texas, 560; Railway v. Scott, 71 Texas, 709; Whitehead v. Railway, 11 S. W. Rep., 751; Fay v. Railway, 11 Am. and Eng. Ry. Cases, 193; Railway v. Wiley, 41 Am. and Eng. Ry. Cases, 126; Wood's Mast. and Serv., sec. 401; Jones v. Railway, 44 Am. and Eng. Ry. Cases, 357; Hanson v. Railway, 38 La. Ann., 111; Railway v. Brown, 123 Ill., 162; Wagner v. Railway, 10 S. W. Rep., 486; Railway v. Thomas, 79 Ky., 160; Whitaker v. Railway, 27 N. E. Rep., 1042; Dunn v. Railway, 58 Me., 187; Burns v. Railway, 50 Mo., 139; Clarke v. Railway, 36 N. Y., 135.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellee to recover damages for personal injuries received by him while riding as a passenger on defendant's train at Lansing Switch, January 31, 1888. Plaintiff was an employe of defendant in the capacity of fireman on a locomotive, with headquarters at Longview, but at the time of the injury was not on duty, and was riding as a passenger on a pass from Longview to another station on defendant's road, and was riding on the engine by permission of the engineer. At the time of the injury the road was in the hands of John C. Brown, receiver of the United States Circuit Court at New Orleans, but before the suit the receiver had been discharged, and it was shown that he had applied all the income of the road to betterments upon the line, and that such betterments were largely in excess of the amount of damages claimed by plaintiff. There was a verdict and judgment for plaintiff, from which this appeal is taken.

The leading question in the case grows out of the issue of contributory negligence as set up by the defendant. It was claimed by defendant, that plaintiff being a passenger and riding upon a free pass, he had the right and privilege of riding in one of the passenger coaches, and that he voluntarily assumed the risk of riding upon the engine, which was against the rules of the company, and he was thereby injured; while if he had taken his place in the regular passenger cars he would not have been hurt. On the contrary, it was held by plaintiff that he was a fireman in the employment of the railway company, and desired to learn the road, so that he might be promoted to the position of engineer, and that he rode on the engine by invitation of the engineer and with the knowledge of the conductor, and that it was customary for the employes of the company in the power department to ride on the engines.

It was shown that plaintiff had been in the railway service for seven years, and for six years of that time had been a locomotive fireman; that

on this occasion he was invited to ride on the engine by his friend Johnson, who was the engineer, and that the conductor knew he was there. There was a wreck at Lansing Switch, caused by a defect in the switch or brake, or both, and the engine was turned over, and the plaintiff was badly injured.  It was proved that on the engine was a much more dangerous place to ride than in the cars, that there was a rule of the company forbidding any one to ride there except the engineer and fireman of the train, unless by special permission from the proper authority, *and that on this occasion no one in the passenger cars was injured.*  There was also testimony tending to show that this rule of the company was habitually violated, and plaintiff was not shown to have had any express notice of the rule, and denied any knowledge of it.

On the trial of the case the defendant asked the court to give a number of special charges, all of which are clearly and tersely stated in appellant's assignments of error, as follows:

" 4.  The court erred in refusing special charge number 2, asked by defendant, to the effect, that if the plaintiff was on the engine when he got hurt, and had the right to ride in one of the coaches, and it was more dangerous on the engine, and that if he had been in the coach instead of on the engine at the time he would not have been injured, then he could not recover.

" 5.  The court erred in refusing special charge number 3, asked by defendant, to the effect, that if the plaintiff rode on the engine of his own volition instead of in the coach, and the former was more dangerous than the latter, then he could not recover, although the engineer permitted him to ride on the engine.

" 6.  The court erred in refusing special charge number 4, asked by defendant, to the effect, that if plaintiff rode on the engine in violation of a known rule of the company, and his being there caused his injury, then he can not recover, even though he rode there with the permission of the engineer and knowledge of the conductor, if he would not have been hurt riding back in one of the coaches instead of the engine.

" 7.  The court erred in refusing special charge number 5, asked by defendant, to the effect, that if plaintiff was hurt while riding on the engine, and if he could have rode back in a passenger coach, where he would not have been injured, then he can not recover, even though the engineer invited him to ride on the engine and the conductor knew it.

" 8.  The court erred in refusing special charge number 6, asked by defendant, to the effect, that if at the time plaintiff was injured there was a rule in force on defendant's railway company forbidding persons situated as he was from riding on the engine, and that he would not have been hurt if riding in one of the coaches of the train instead of on the engine, then he can not recover, even though the engineer and conductor invited or permitted him to ride on the engine."

These special charges were refused, and the court charged the jury upon this point as follows:

" If you further believe from the evidence that the plaintiff, John Boyd, was in the employment of the said John C. Brown on the 31st day of January, 1888, in the capacity of fireman, and whilst so acting in such capacity he was travelling over said railway from Longview, in Gregg County, Texas, to the city of Texarkana, Texas, passenger on a pass, and whilst so travelling over said road he was riding on the engine attached to one of the passenger trains under the care, management, and control of the said John C. Brown as such receiver, by invitation or con- sent of the engineer in charge of said engine and the conductor in charge of said train, and at Lansing Switch, on said railway, said engine was derailed, and that said switch at said place was defective, and that said defects consisted of the defects described and set out in plaintiff's peti- tion, and that said air brakes on said train were out of order and defect- ive, as described and alleged in plaintiff's petition, and that by reason of such defects of either the said switch or said air brakes said engine was derailed, and that the plaintiff was thereby injured in the way and man- ner as alleged by him, and that such defects in said switch and air brakes were the proximate cause of such injury to plaintiff, and that it was neg- ligence on the part of the agents and employes whose duty it was to see that said switch and air brakes should have been kept in a reasonably safe condition to permit such defects to remain, you will find for plaint- iff such damages as the evidence may show him to be entitled, taking into consideration whatever the evidence may show may have been his mental suffering, physical pain, and his diminished power or capacity to earn money, if any, by reason of said injuries; unless you find from the evidence that said receiver at the time of such injury, or his authorized agents, had established a rule which forbade any one from riding on the engines operated and managed by him on said road, except the engineer and fireman in charge of said engine, and that the plaintiff knew of such rule, or could have known of such rule by the exercise of ordinary care and diligence, and that the plaintiff's being on said engine at the time of such injury contributed to his own injury, and that he was then guilty of negligence by being where he was, in which event you will find for de- fendant, notwithstanding you may believe from the evidence that said train or engine was derailed by reasons of the defects in said switch or air brakes, as set out and described in plaintiff's petition, unless you be- lieve from the evidence that such rule, if there was any such rule, was habitually violated by the consent or with the knowledge of those in charge of said engines, and without their objection, who had the right to make such rules, and that those in charge of such engine and the de- fendant knew that said rule was habitually violated by the consent or

with the knowledge of those who had the right to make such rule, then I charge you that such rule would not preclude a recovery herein, provided you believe from the evidence that the plaintiff was on said engine by the invitation or consent of the conductor and engineer in charge of said train, at the time of his injury; and provided further, you find he is entitled to recover under the evidence applied to the rules of law given you in this charge.

" It is the duty of railway companies to provide a safe track over which its engines and cars are to pass, and also to furnish its employes with good, safe, and suitable machinery and appliances with which to operate its trains over their railroad; and if they fail so to do, and any of their passengers or employes are injured·by reason of their failure so to do, they are responsible to such person for such injuries, unless that by reason of such persons' own negligence they contribute to their own injuries, in which event such persons can not recover.

" If you believe from the evidence that the plaintiff was injured in the way and manner and by reason of the defects in said switch and in said air brake, or by either, as charged in plaintiff's petition, whilst he was not on duty as an employe of the said receiver, but that at said time he was a passenger on said train, and that he voluntarily got on the engine attached to said train for the purpose of riding on said engine instead of riding in one of the coaches attached to said car, *without the knowledge or consent of the conductor* of said train, and that his being on said engine at the time and place when said engine was derailed and he was injured was the proximate cause of his said injury, and that if he had been riding in one of the coaches·at the time of such derailment he would not have been injured, then you will find for defendant, notwithstanding you may find that *said engineer invited him to ride on said engine, and the conductor knew it.*"

*Opinion.*—The first three assignments of error raise the question that plaintiff can not recover, because at the time plaintiff was injured the railway was in the hands of the receiver, and was not being operated by defendant; that the order of the Federal court discharging the receiver required all claimants to intervene in the case in which the receiver was appointed in said court at New Orleans, and that defendant can not be held liable for the negligence of the receiver because he has made improvements or betterments on the road. This position is not well taken.

In the case of Texas & Pacific Railway v. Johnson, 76 Texas, 421, it is held, that in an action against a railway company for personal injuries, received while the railway was in the hands of a receiver, and where it appeared that the earnings of the road while in such hands were more than the alleged claim of plaintiff, and had all been applied to improvements and betterments of the road, and the road in its improved condi-

tion returned to the company, without a sale, and the receiver discharged, and the injury was such as would entitle the plaintiff to recover if the road was in such receiver's hands, that the plaintiff could recover against the company. It was further held, that an order of the said court discharging the receiver and requiring all claimants to intervene in such case within a certain time did not affect defendant's liability, because that court had no power to make such an order. The same state of facts existing in the Johnson case exist in this.

It has been held in later decisions, that where the injury resulted in death from the negligence of a receiver, that the heirs of such decedent could not recover; but these decisions are placed upon the ground that such an action is statutory, and that receivers appointed by the courts do not come within the terms of the statute.

We think, however, that the charge of the court on the subject of contributory negligence was clearly erroneous and misleading. The charges asked by defendant were certainly sufficient to call the attention of the court, clearly and tersely, to the question of contributory negligence on the part of the plaintiff in leaving the cars, and at his own risk taking the more hazardous position upon the engine, as he claims, with the view of learning the road, in the hope that he might be promoted to the position of engineer. If plaintiff was a passenger, and upon the engine was a more hazardous place to ride than in the coaches provided by the receiver for the passengers on the road, and the plaintiff knew that fact, or by the use of ordinary care and diligence might have known it, and he voluntarily left the coaches and took the more dangerous position in order to subserve his own purposes, and with the view of gaining information to secure his own promotion, he thereby assumed the risk of the increased danger by reason of such position, and if this was the cause of such injury, he can not recover. It seems that no one in the cars was injured.

The plaintiff had been in the railway service seven years, and six years of that time he was a locomotive fireman, and was necessarily familiar with all the dangers of the position. The fact of his being on the engine by the invitation of his friend, the engineer, with the knowledge of the conductor, would not change the rule. Much stress was laid by the learned court below upon the question as to whether the rule of the company, that no one except the engineer and fireman of the train should be allowed to ride upon the engine, was known to the plaintiff, or whether or not such rule was habitually violated; but while it would make a stronger case of contributory negligence if he rode upon the engine in violation of the known rules of the company, yet we think the real question in the case rests upon a stronger ground. Was the position upon the engine a place of greater danger, did plaintiff know that fact, and did

plaintiff, as a passenger, voluntarily assume that position for his own purposes, and was he injured by reason of having taken it?

The wreck might have been caused by the negligence of the defendant company, yet would the plaintiff have been injured thereby if he had been in the place provided by the company for its passengers? The wreck was no doubt the occasion of plaintiff's injuries, but if such injuries were brought about by the voluntary act of plaintiff in assuming such hazardous position, and the same was such as a person of ordinary care and prudence would not have taken, he can not recover. Railway v. Clemmons, 55 Texas, 90; Railway v. Richards, 59 Texas, 377; Rucker v. Railway, 61 Texas, 499; Railway v. Ryan, 69 Texas, 665; Railway v. Wallace, 76 Texas, 636; Railway v. Moore, 49 Texas, 47; Railway v. Jones, 95 U. S., 443; Griggs v. Houston, 104 U. S., 553; O'Brien v. Western St. Co., 13 S. W. Rep., 402; Hickey v. Railway, 69 Mass., 429; Railway v. Lane, 83 Ill., 448; 2 Shearm. & Redf. on Neg., sec. 523.

In the case of Railway v. Clemmons, 55 Texas, 90, the passenger was injured while in the baggage car, having gone there, as he claimed, to get a drink of water, but remained sometime afterwards. The court said: "That the baggage car was a place of more danger, ordinarily, than the regular passenger coach provided by the company is a fact well and generally known, and particularly to one who like the plaintiff, Clemmons, was then, and had been for years, in the employment of railway companies in running their trains; and part of the time as fireman on this very road and engine.

"It is reasonable to presume, even in the absence of testimony, that the plaintiff knew of this danger, and the wholesome regulations of the defendant company forbidding passengers from riding upon its baggage cars.

"That the plaintiff therefore was guilty of contributory negligence in this case can not be questioned, as the testimony shows that he would not have been injured had he remained in the passenger coach. Railway v. Jones, 5 Otto, 439; Railway v. Lane, 83 Ill., 448; Hickey v. Railway, 14 Allen, 429. Under well established rules of law, this contributory negligence would exonerate the company from liability, unless the plaintiff brought himself within some exception to these general rules. Hickey v. Railway, 14 Allen, 431.

"It is said in this last named case, that 'if sufficient and suitable provision be made within the cars for all the passengers, the managers of the train are not under obligations to restrict them to the proper place nor to prevent them from acts of imprudence. If they voluntarily take exposed positions, with no occasion therefor nor inducement thereto caused by the managers of the road, except the bare license of noninterference or express permission of the conductor, they take the special risks of that permission upon themselves.' 14 Allen, 433."

The above case is referred to with approval in case of Railway v. Richards, 59 Texas, 377.

In the case of Railway v. Wallace, 76 Texas, 636, the conductor of a freight train having stopped his train at one end of a bridge, climbed to the top of a box car, and as the train moved on, being prevented by obstructions along the track from going back to the caboose, was knocked off and killed by a scaffold suspended from the bridge. A rule of the company was in existence prohibiting all persons from standing on top of box cars while on bridges of that character. Our Supreme Court held that the deceased was guilty of contributory negligence, and his heirs could not recover.

In the case of Railway v. Jones, 95 United States, 443, referred to above, the plaintiff was one of a party of men employed in constructing and keeping in repair the roadway of the defendant. It was usual for the defendant to convey them to and from their place of work. Sometimes a car was used for this purpose, and at others only a locomotive and tender were provided. It was common, whether a car was provided or not, for some of the men to ride on the pilot and bumper in front of the locomotive. This was done with the approval of Van Ness, who was in charge of the laborers at work, and conductor of the train which carried them both ways. At the time of the injury there was a box car provided for the laborers to ride in; when the party was about to leave on their return that evening, the plaintiff was told by Van Ness to " jump on anywhere; " that they were behind time and must hurry. The plaintiff and another got on the pilot. There was a collision with some cars which were on the track by the negligence of the defendant. The court says: " There was room for him in the box car; he ought to have taken his place there. He could have gone into the box car in as little or less time than it took to climb on the pilot. The knowledge, assent, or direction of the company's agent as to what he did is immaterial. If told to · get on anywhere;' that the train was late and that he must hurry, this was no justification for taking such a risk. As well might he obey a suggestion to ride on the cowcatcher and put himself on the track before the advancing wheels of the locomotive. The company, though bound to a high degree of care, did not insure his safety; he was not an infant nor a non compos. The liability of the company was conditioned upon the exercise of reasonable and proper care and caution on his part; without the latter, the former can not arise. He and another who rode beside him were the only persons hurt upon the train. All those in the box car, where they should have been, were uninjured; and they would have escaped also if they had been there. His injury was due to his own recklessness and folly. He was himself the author of his misfortune.''

In the case of Rucker v. Missouri Pacific Railway Company, 61 Texas, 499, the plaintiff paid the engineer to allow him to ride on the pilot of

the engine. The train ran into a hand car, and he was injured. Upon the trial the court charged the jury, that "The consent or direction of the engineer or fireman would not excuse or justify the plaintiff in occupying a position on the pilot of the engine, and the defendant would not be liable for any injuries received in consequence thereof, if the position was one which a man of ordinary prudence would not have occupied." This charge was sustained, and the plaintiff was not allowed to recover, on the ground of contributory negligence.

The latter part of the court's charge above on that subject is not clear. There are other errors in the charge upon the duties of the company to furnish a "safe track" and "good, safe, and suitable machinery," but they are not complained of by appellant, and would not be noticed by the court if it were not necessary to reverse the case on other grounds.

Under the ninth, tenth, and eleventh assignments of error we do not think the court erred in excluding the testimony offered, for the reason that the defendant failed to bring itself within the well established principle of the law, that if the rules were in writing, the written rules were the best evidence, and should have been offered or their absence accounted for before resorting to secondary evidence. But it appears from other portions of the testimony, not excluded by the court, what the rules were upon the subject of persons riding upon the engine, and the court charged the jury upon that question.

For the errors above set out, which were duly assigned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 18, 1893.

ON MOTION FOR REHEARING.

LIGHTFOOT, Chief Justice.—The appellee's counsel, upon motion for rehearing, objects to the suggestion of the court in its statement of the case, that no one was injured in the passenger cars. There is no direct evidence upon that point in the record, but the petition of appellee filed in the court below does not claim that any injury was done to the train, further than the allegation that "the said engine was derailed," etc. The witness Johnson, in detailing the injury, said: "When the engine reached the switch, its wheels ran in between the tongues and the stock rails and dropped on the crossties, and after going about her own length and that of three and a half coaches, she turned over on her right side, and the train pushed her about eight feet more.  *  *  *  After the engine turned over and was sliding along on her side, the cab was torn off, her surface plug torn out of the side of the boiler, the throttle to the air pump broken, the throttle to the injector broken off, and the washout plug knocked out of the leg of the firebox, from all of which hot

water and steam escaped. The plaintiff, John Boyd, was horribly scalded,'' etc. The appellee testified: '' The engine upset on her right side, the surface cock blew out, and I was scalded,'' etc. Ed Lockett testified: '' I was at the wreck about three minutes after it occurred. I examined, but failed to find any cause *why the engine left the track.*'' Several other witnesses testified as to the injury to the engine, but there was no injury shown to any of the balance of the train by any evidence. E. T. Demsey testified: '' It is considered to be more dangerous to ride on an engine than it is to ride in the passenger coaches.''

The vigorous controversy raised between counsel for appellant and appellee upon motion for rehearing as to whether any one was actually injured in the passenger coaches, we consider immaterial; but at the suggestion of appellee, we cheerfully correct the statement of the case, and say that the record does not show whether any person was or was not injured in the passenger coaches. But this does not in any manner change our views of the law as expressed in the opinion, " that if plaintiff was a passenger, and upon the engine was a more dangerous place to ride than in the coaches provided for passengers, and the plaintiff knew that fact, or by the use of ordinary care and diligence might have known it, and he voluntarily took the more dangerous place on the engine in order to gain information to secure his own promotion, he thereby assumed the risk of the increased danger by reason of such position, and if this was the cause of the injury he can not recover."

We have carefully examined the different grounds of the motion and the authorities presented in the able and exhaustive brief and argument for appellee, and have not found anything to change our views of the law as heretofore expressed.

The motion for rehearing is overruled.

*Motion overruled.*

Delivered January 10, 1894.