George A. Haynes, Administrator of the estate of Hermon Smith, Deceased, Appellant, v. The Fort Dodge & Omaha Railroad Company.

Contributory Negligence: evidence.   An engine was pushing a work train and deceased was sitting on the front end of the flat car, most remote from the engine.   The train was stopped without warning and he was thrown to the ground and killed.   *Held*, deceased was guilty of such contributory negligence as to preclude recovery.

*Appeal from Pottawattamie District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 29, 1902.

ACTION for damages. From judgment dismissing his petition, the plaintiff appeals.—*Affirmed.*

*A. D. Early* and *S. B. Wadsworth* for appellant.

*John F. Duncombe* and *Harl & McCabe* (*J. M. Dickinson,* of counsel) for appellee.

LADD, C. J.—The defendant had laid the ties and rails on its road to the south of Logan, but this had not been leveled or ballasted. Its construction train consisted of thirteen flat cars, used for hauling dirt, and two box cars, —one for tools, and the other for the crew. One box car was immediately in front of the engine, and in front of that, the flat cars. The other box car was behind it. The men had been picked up, as usual, at several points along the track, and were being taken to Logan for dinner. They were scattered along the flat cars in various positions, while the deceased, with one Bowe, sat at the front end of the front flat car, with his feet hanging over. When about three miles out of Logan, the engineer stopped the train to take on the surveyors. In doing so, the jerk occasioned by the sudden taking up of the slack between the pushed cars threw the deceased forward to the ground, and he was run over and killed. No signal of an intention to stop the train was given. Its speed is variously estimated at from 8 to 35 miles an hour. The only ground of negligence charged was: "That while the train was being run over the rough road at a high rate of speed, the brakes were suddenly put on said train, giving the train such a sudden check in speed that the said Hermon Smith was thrown from the flat car without any fault or negligence of his." The district court reached the conclusion that

the deceased was negligent in sitting where he did, and directed a verdict for the defendant.    In this we concur. The danger of such a situation was perfectly obvious. Every one who has given the matter the slightest attention knows that in starting and stopping freight trains jerking and jarring is inevitable, and especially so in the absence of air brakes, as in this case.   Couplings of the flat cars were loose when being pushed; but, the moment the engine was checked or stopped, the momentum of the cars carried them forward, so as to take up the slack.   It would not require a very sudden stop to occasion a considerable jerk at the end of thirteenth car, and this was precisely what mi ht reasonably be apprehended every time the train was brought to a standstill.   How much of a jerk or how sudden a stop would be required to throw one sitting as deceased did off his balance would depend largely upon the attention given by himself for his own preservation. But one stake was at the end of the car, and by seizing that Bowe avoided falling.   No one observed deceased holding to the stake, though several saw him go over.   It cannot be said that he was doing anything to protect himself from the jerking of the cars, inevitable in stopping the train, which he knew was likely to occur several times on the way in order to take aboard laborers.   And yet he was where every attempt of the engine to bring the train to a standstill tended to throw him from his balance and hurl him to the ground in front of the moving cars.   He voluntarily exposed himself to the very accident which happened.

But it is said that the selection of a seat or standing place on the train was purely a matter of judgment.   In the sense that each chose where he would ride, this is true.   The trouble is, the judgment exercised was not that of an ordinarily prudent man.   Taking so perilous a position was rather the result of lack of judgment.   It was in utter disregard of his personal safety.   Those sit-

ting along the sides or in the center of the cars were not exposed to the same danger, as, when losing their balance, the floor or side stakes, if any, would afford protection. A fall for them was not likely to result in serious injury. Even those standing, if not too near the edge, would have the chance of regaining their equilibrium. But for one in the situation deceased had p'aced himself, loss of balance meant death. The evidence shows conclusively that he needlessly put himself in a perilous situation, and that to this the accident was largely due. Appellant suggests the engineer must have known of his situation, but, as between them was a box car and 13 flat cars, on which 170 men were riding, this cannot be inferred. Many authorities are cited by the parties, none of which are directly in point, save in recognizing the general principle that one who voluntarily and without excuse assumes a position where injury is reasonably to be apprehended, no recovery can be had should an injury be sustained. Thus it has been declared negligent to ride in a cab of an engine in *Railroad Co. v. Boyd*, Tex. Civ. App. (24 S. W. Rep. 1086); and *Files v. Railroad Co.*, 149 Mass. 204 (21 N. E. Rep. 211, 14 Am. St. Rep. 411); on the cowcatcher, in *Glover v. Scotten* (Mich.) 46 N. W. Rep. 936; on the pilot, in *Railroad Co. v. Jones*, 95 U. S. 443, (24 L. Ed. 5 :6); and *Kresanowski v. Railroad Co.* (C. C.) 18. Fed Rep., 229; or in the baggage car, in *Railroad Co. v. Clemmons*, 55 Tex. 90, (40 Am. Rep. 799) and *Waterbury v. Railroad Co.* (C. C.) 17 Fed. Rep. 684. But see *Conners v. Railway Co.*, 71 Iowa, 490. In *Jeffrey v. Railroad Co.*, 56 Iowa, 546, cited by appellant, the plaintiff "was not only not negligent, but was acting under orders." The only analogy with this case lies in the character of the train and number of men riding. Suggestions of alleged negligence other than that charged requires no attention, nor are these important in view of our conclusion that death was contributed to by the carelessness of deceased.—AFFIRMED.