UNION PACIFIC RAILWAY CO., PLAINTIFF IN ERROR, v. LEE SUE, DEFENDANT IN ERROR.

1. **Railroads**: PLATFORMS: STATION GROUNDS. As a general rule, railroad companies are bound to keep in a safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort, and all portions of their station grounds reasonably near to the platforms, where passengers taking passage on their cars would naturally or ordinarily be likely to go.

2. ———: INJURIES TO PERSON: NEGLIGENCE. Where a railroad company constructed its platforms for the accommodation of passengers getting on and off its cars between a side track and the main line track, the distance between the two tracks being about six feet, and where a passenger approaching the train for the purpose of taking passage sought to enter the train from the platform of the rear car, and upon approaching the door, found that that portion of the car into which the door opened was set apart exclusively for baggage, and then sought to leave the car and enter a passenger car, by stepping upon and passing along the platform between the two tracks to the passenger car, but finding the platform crowded with other passengers, he sought to pass through and around the company of passengers, but in doing so was struck by a passing train moving at a rapid rate of speed, *It was Held,* The question of his want of care was properly submitted to the jury, and that his conduct was not such as would require the court to declare it negligence.

3. ———: CARE OF PASSENGERS. An instruction that a railroad company owes a much higher degree of care to passengers than it does to the public generally, going upon its tracks at public crossings, taken in connection with the other instructions given to the jury, *Held,* To be correct.

4. ———: ———: NEGLIGENCE. Where a railroad company re-

ceives its passengers from a space between parallel tracks, it is bound to provide such safeguards as will protect such passengers, in the exercise of ordinary care, from injury from passing trains. And if it fail to do this, whether its negligence consists in its failure to provide a proper platform, or to notify passengers who have gone between its tracks to enter its cars of the approach of a train on a track parallel and near to that on which its passenger train is standing, and an injury results from such failure to one of the passengers who is about to enter its car, and without negligence on the part of such passenger, the railroad company will be liable for the damage resulting from such injury.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*J. M. Thurston, W. R. Kelly,* and *J. S. Shropshire,* for plaintiff in error, cited: Thompson on Carriers of Passengers, 209. Beach on Contributory Negligence, 190. Wood's Railway Law, 1065. Thompson on Carriers of Passengers, 199. Wood's Railway Law, 1049. Black Proof and Pleading in Accident Cases, 94. *Railroad Co. v. Stout,* 17 Wallace, 657. *City of Lincoln v. Gillilan,* 18 Neb., 116. *A. & N. R. R. Co. v. Bailey,* 11 Neb., 332. *State v. G. T. R. R.,* 58 Maine, 176. *Johnson v. Boston & Maine R. R.,* 125 Mass., 75. *Commonwealth v. Boston & Maine R. R.,* 129 Mass., 500.

*Mahoney, Minahan & Smyth,* for defendant in error, cited: Thompson on Negligence, 417, note 1. Wood's Railway Law, 1170. *Hulbert v. N. Y. C. R. R. Co.,* 40 N. Y., 145. *McDonald v. Chicago & N. W. R. R. Co.,* 26 Iowa, 124. *Warren v. Fitchburg R. R. Co.,* 8 Allen, 227. *Knight v. Portland, S. & P. R. R. Co.,* 56 Me., 234. *Warren v. Fitchburg R. R. Co.,* 8 Allen, 227. *Wheelock v. Boston & Albany R. R. Co.,* 105 Mass., 203.

REESE, CH. J.

This was an action for damages, resulting from a personal injury.

It appears from the evidence that defendant in error, who was plaintiff below, purchased a ticket from Omaha to South Omaha and return; the passage being upon what was known as the dummy train. On his way to South Omaha, that portion of the ticket which conferred the right to ride in that direction was taken up by the conductor, and the remaining portion returned to him, by which he was entitled to return to Omaha.

Defendant in error, who was a Chinaman, but understood the English language, had with him another Chinaman, of the name of Sam Soon, who could not understand the English language, and who, it appears, was somewhat under the charge of defendant in error. Upon their arrival in South Omaha, defendant in error transacted his business and returned to the station for the purpose of making the return trip. He found the train standing upon a track, headed to the north, apparently about ready for its departure. The train was standing upon the east side track, but not at the depot. As defendant in error approached it from the east, he got upon the rear end of the rear car, for the purpose of taking his seat within; but when he came to the car door, he discovered it was what was known as a combination car (one end being used for baggage and the other for passengers), and that the end at which he was standing was that part used for baggage. He then turned to leave the car, for the purpose of entering another car in the train. The platform which had been provided for the accommodation of passengers getting on and off the train was on the west side of the train, and between the side track, on which the train was standing, and the main line track, which was about six feet from the side track. There was no platform on the east side of the train, and outside of the tracks, and the tracks were about two feet above the general surface of the earth on that side, which rendered it inconvenient, if not entirely impracticable, to get on and off the train outside the tracks.

When he left the rear end of the train for the purpose of taking a passenger coach, he undertook to pass along the west side of the train on the platform, but found it crowded with other passengers, who had not yet entered the train. He undertook to pass around them, but in so doing stepped near or upon the main line track, when a train which was passing at a rapid rate of speed struck him, inflicting the injury complained of, both his legs being broken. The cause was tried to a jury, which returned a verdict in his favor for the sum of $1,500.

Plaintiff in error brings the cause into this court by proceedings in error, and seeks a reversal of the judgment for errors which it alleges were committed upon the trial.

There are two principal errors complained of: 1st, That the verdict was not sustained by the evidence; and 2d, That the court erred in its instructions to the jury.

The principal ground of the first assignment is, that defendant in error was guilty of contributory negligence. That is, that he was guilty of negligence to such an extent as would preclude his recovery; and that the court should have so instructed the jury.

A number of instructions were given to the jury by the trial court, among which were seven given at the request of plaintiff in error, the fourth, fifth, and sixth of which are as follows:

"4th. You are instructed that in this action the plaintiff, in order to recover, must prove every material allegation contained in his petition, by a preponderance of evidence, and that it is not sufficient to authorize him to recover to establish the fact that he received the injury at the time and place mentioned in his petition. He has alleged that the injury by him received as alleged in his petition was caused solely by and through the neglect of the defendant, and without any contributory fault or negligence on the part of complainant. This allegation is one

of the material things necessary for the plaintiff to establish by the evidence by a preponderance of proof."

" 5th.  If you shall find from the evidence that, at the time and place where the plaintiff received his injury, defendant's servants had given warning of the approach of the train by which the plaintiff was injured, by the ringing of bells or blowing of whistles, or by the calling of flagmen or other employes; and that if you shall further believe that at said time and place the situation of the trains and cars could have been observed and noted by any person, by the use of ordinary care, then in such case the plaintiff was bound to take notice of the approaching train, and to take such steps as an ordinarily prudent man under like circumstances would have done; and if you shall find from the evidence that the plaintiff did not at such time and place exercise such ordinary care and prudence, then he cannot recover in this action, although he may have been injured ; and for an injury by him sustained under such circumstances, you should find for the defendant."

" 6th.  You are charged that the plaintiff cannot recover in this action, unless he received the injury complained of by and through the negligence of the defendant, its agents and servants, without any fault or contributory negligence on his part, but for which the injury would not have occurred. If you shall find from the evidence that the defendant, its agents and servants, were not guilty of any negligence which was the approximate cause of the injury complained of, you should find for the defendant."

By these instructions, as well as others given by the court upon its own motion, the whole question of negligence was submitted to the jury for their determination.

As we have said, it is shown by the evidence that the only platform from which passengers could pass to and from the train was in the space between the tracks hereinbefore referred to.  The construction and maintenance of

this platform was, in effect, an invitation to passengers desiring to go upon plaintiff's train to do so from that point. Indeed it seems that no other convenience was prepared for that purpose. It could not be said that defendant in error was guilty of negligence in getting upon the rear of the train, that portion being used for baggage alone, for the reason that it was unknown to him that he was entering a baggage car until he was on the platform. Neither could it be said to be negligence on his part for him to seek to leave the platform of the car for the purpose of entering a car intended for passengers. The cars were not accessible from the east, and, therefore, if he made the effort at all to enter a passenger coach, such effort should necessarily be made from the west. The platform by which he sought the passenger coach was crowded with passengers seeking passage upon the same train which he purposed to take. Neither could it be said, as a matter of law, that his effort to pass through or around the crowd of people standing upon the platform was negligence, for that was the method prepared by plaintiff in error for his passage. These questions, by the instructions referred to, were properly submitted to the jury for their consideration in determining the question of ordinary care, or the want thereof, on his part.

The objections to the instructions given will be noticed in their order as presented by the brief of plaintiff in error; the first of which is as follows:

"The railroad company owes a much higher degree of care to its passengers, whose safety is entrusted to its keeping, than it does to the public generally going upon its tracks at public crossings, and if it fails to exercise such high degree of care, and a passenger is injured by such failure, without contributory negligence on his part, the company is liable for such injury."

It is insisted that in giving this instruction the trial court overlooked the distinction between the duty of the railroad company to its passengers on its trains, and its duty to its

passengers on and about its stations and depot grounds. This criticism, we think, cannot properly be made. There is, doubtless, a distinction between the obligations of a common carrier to its passengers and those passing and repassing upon and over its tracks at the crossings of highways and the like. In the latter case, the obligation on the part of railroad companies and such persons is mutual. But a person entering upon the platforms and grounds of a railroad company as a passenger, has the right to presume that he can stand upon such platform without danger from the running trains of the railroad company. The company is bound to provide safe platforms for the use of its passengers, of sufficient length and size to allow safe egress from an ordinary train, and it is negligence to construct its platform for passengers so that a passenger while standing upon it may be injured by a passing train. Woods' Railway Law, 1170. *Hulbert v. N. Y. C. R. R. Co.*, 40 N. Y., 145. *McDonald v. Railroad Co.*, 26 Iowa, 124. *Warren v. Railroad Co.*, 8 Allen, 227.

Any other rule would sanction the highest degree of negligence, which would, substantially, amount to willful injury and a wanton disregard of human life. *Railroad Co. v. Wilson*, 63 Ill., 167.

It is also contended that this instruction is objectionable as being indefinite, and that each member of the jury was virtually told to fix his own standard of care which was required toward the public, and then to raise that standard to "a much higher degree" and examine the facts to see whether the defendant below had performed his duty, as compared with that standard. Were this the only instruction given upon this part of the case, there might be merit in the objection. But upon an examination of the other instructions, we find that the rule by which the responsibility of plaintiff in error was to be measured was clearly stated and given to the jury.

The next complaint made to the instructions is to number four, which is as follows:

" When a railroad company receives its passengers from a space between parallel tracks, it is bound to provide such safeguards as will protect passengers in the exercise of ordinary care from injury from a passing train, and if it fail to do this, whether its negligence consists in its failure to provide proper platform, or failure to notify passengers who have gone between its tracks to enter its cars of the approach of a train on a track parallel to that on which its passenger train is standing, and an injury result from said failure to one of its passengers who is about to enter its car, without contributory negligence on the part of said passenger, the company is liable therefor."

It is contended that by this instruction railway companies are made insurers of its passengers from injury by passing trains when it undertakes to receive them from a space between parallel tracks. We think the instruction is not susceptible of the construction given by plaintiff in error.

The law, as stated in the instruction, is, that where passengers are received between parallel tracks, a railroad company is bound to provide such safeguards as will protect passengers *in the exercise of ordinary care* from injury by passing trains. This, we think, is a fair statement of the law. See the authorities above cited.

Complaint is made of the sixth instruction, which we here copy :

· "Passengers have no right to enter or pass through a baggage car attached to the train on which they are about to take passage; and if the evidence discloses that the plaintiff got upon the platform of the rear car, and either with or without opening the door, discovered that the car, or that portion of it next to the platform upon which he got, was set apart for baggage, it would not be negligence upon his part to withdraw therefrom to seek his proper place in a car intended for passengers, without going through the baggage car." That passengers have no right

to enter the baggage car, and that the law will not protect them in so doing, is the well established law of this country.    *Railroad Company v. Langdon,* 92 Pa. St., 21. *Railroad Company v. Clemmons,* 55 Tex., 88.    *Railroad Company v. Thomas,* 79 Ky., 160.

The remaining portion of the instruction has been sufficiently disposed of by what we have already said.

From an examination of the record, we are unable to find any prejudicial error.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.